ANTHONY F. CONTE *v.* CITY OF NORWALK

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued February 1—decision released May 3, 1977

*Robert A. Slavitt,* with whom, on the brief, was *Abraham D. Slavitt,* for the appellant (plaintiff).

*Robert G. Zanesky,* corporation counsel, for the appellee (defendant).

LOISELLE, J. The plaintiff contractor and the defendant city were parties to an agreement which provided for arbitration of disputes. After the plaintiff submitted a claim to arbitration, the defendant filed a counterclaim with the arbitrators. The plaintiff objected, but the arbitrators ruled that they would hear evidence on the counterclaim. The arbitrators suspended hearings pending a court determination of the arbitrability of the counterclaim. The plaintiff sued for an injunction preventing the defendant from proceeding with the counterclaim in arbitration. The injunction was denied, and the plaintiff has appealed.

At oral argument, the plaintiff conceded that pursuant to this contract arbitrability is a question

for the arbitrators, and stated that it is his contention that the arbitrators erred in their determination that the counterclaim is arbitrable.[1]

Once it is conceded that under this contract arbitrability is to be decided by the arbitrators, it becomes apparent that this suit to enjoin arbitration is inappropriate. In *Waterbury Board of Education* v. *Waterbury Teachers Assn.*, 168 Conn. 54, 357 A.2d 466, it was held that a party who failed to object to arbitration thereby waived his right to object to the arbitrability of the grievance after an award was rendered which conformed to the submission. This court explained (p. 63): "*[W]here the question of arbitrability is committed to the arbitrator* the court may, on a motion to vacate, entertain challenges to the award alleging disregard of the procedural limits in the parties' agreement with regard to arbitration as they apply to this issue. *In any other instance,* procedural irregularities will be deemed waived unless the party asserting them compels a prior judicial resolution of this issue."[2] (Emphasis added.)

When arbitrability is for the arbitrators, the time to challenge the arbitrators' determination of arbitrability in court is not in advance of arbitration, but after the award is made. Before the award, courts may determine arbitrability where the question is one for the courts. See *Policemen's & Firemen's Retirement Board* v. *Sullivan*, 173 Conn. 1, 6, 376 A.2d 399. But when arbitrability

---

[1] It is not totally clear that the arbitrators have indeed determined that the counterclaim is arbitrable. In view of the other issues involved in this appeal, that question need not be decided.

[2] When that opinion was printed in the *Connecticut Law Journal*, the words "In any other instance" were erroneously omitted. The plaintiff obviously has been misled by this error, although it has been corrected in the official report, 168 Conn. 54, 63.

is assigned by the contract to the arbitrators, courts may not make an independent determination of arbitrability. The courts are "bound by the arbitrator's determination unless that determination clearly falls within the proscriptions of § 52-418 of the General Statutes, or procedurally violates the parties' agreement." *Costello Construction Corporation* v. *Teamsters Local 559*, 167 Conn. 315, 318, 355 A.2d 279. Before the arbitrators have made their award, the court is unequipped to decide whether their decision falls within the statutory proscriptions or procedurally violates the parties' agreement. There is no award which may be measured by its conformity to the submission, and there is no memorandum which may be consulted. See *Darien Education Assn.* v. *Board of Education*, 172 Conn. 434, 436–38, 374 A.2d 1081. Nor can the court conduct an independent fact-finding procedure to determine whether the parties have violated the procedural requirements of their arbitration agreement, since such facts are for the arbitrators to determine. When arbitrability is for the arbitrators, a party who has raised his objections to the arbitrability of the claim before the arbitrators has preserved his right to object to the award as encompassing a claim which was not arbitrable, and he can raise that objection in a motion to vacate the award.

The judgment denying the injunction was properly granted. According to the view this court has taken of the issues, the judgment will not bar the plaintiff from raising the question of arbitrability at the proper time.

There is no error.

In this opinion the other judges concurred.