STATE OF CONNECTICUT *v.* CONNECTICUT EMPLOYEES
UNION INDEPENDENT ET AL.

BOGDANSKI, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, Js.

Argued June 3—decision released July 7, 1981

*Christina G. Dunnell,* assistant attorney general, with whom, on the brief, were *Carl R. Ajello,* attorney general, and *Bernard F. McGovern, Jr.,* assistant attorney general, for the appellant (plaintiff).

*Dennis G. Ciccarillo,* for the appellees (defendants).

PER CURIAM. The plaintiff state of Connecticut and the defendants are parties to a collective bargaining agreement. The defendants are permanent part-time employees who average 17.5 working hours per week and the labor union which represents them. This case centers on the defendants' right under the bargaining agreement to submit a labor dispute to arbitration. The agreement expressly applies to permanent part-time employees, but the plaintiff claims that General Statutes § 5-270 (b) excludes from arbitration part-time employees who average fewer than 20 hours per week.[1]

---

[1] General Statutes § 5-270 (b) excludes part-time employees who work less than 20 hours per week from the definition of state "employees" statutorily protected in their right to collective bargaining.

Pursuant to the collective bargaining agreement, the parties submitted the issue of arbitrability to an arbitrator.[2] On the basis of the language in the agreement, the arbitrator decided in favor of arbitrability. Before proceeding to arbitration on the merits of the dispute, the plaintiff filed an application to vacate the arbitrator's decision and the defendants filed a motion to dismiss the plaintiff's application. The trial court granted the motion to dismiss on the ground that the plaintiff's application was brought prematurely, in that there had been no decision on the merits of the dispute. The plaintiff appeals from the granting of the motion to dismiss, contending that when parties to a collective bargaining agreement agree to submit the issues of arbitrability and the merits to separate arbitrators the decision on each issue is an appealable award.

Arbitration is a contractual remedy designed to expedite informal dispute resolution. *Waterbury Board of Education* v. *Waterbury Teachers Assn.*, 168 Conn. 54, 62, 357 A.2d 466 (1975). Its autonomy requires a minimum of judicial intrusion. *Bic Pen Corporation* v. *Local No. 134*, 183 Conn. 579, 583, 440 A.2d 774 (1981); see *Malecki* v. *Burnham*, 181 Conn. 211, 213, 435 A.2d 13 (1980). The parties themselves define the powers of the arbitrator and limit the issues to be decided by the agreement of the submission. *Bic Pen Corporation* v. *Local No. 134*, supra, 583–84.

---

[2] Article XIV, section nine, of the collective bargaining agreement states, in relevant part: "On grievances when the question of arbitrability has been raised by either party as an issue prior to the actual appointment of an arbitrator, a separate arbitrator shall be appointed at the request of either party to determine the issue of arbitrability."

The arbitrability of a dispute is not an issue for court determination if the parties expressly have reserved the issue for submission to arbitration. *Board of Education* v. *Frey,* 174 Conn. 578, 580–81, 392 A.2d 466 (1978). Once arbitrability is reserved, as in the present case, judicial review of the arbitrator's decision is limited to instances of discrepancies with respect to agreement procedure or violations of General Statutes § 52-418. *Conte* v. *Norwalk,* 173 Conn. 77, 79–80, 376 A.2d 412 (1977); *Costello Construction Corporation* v. *Teamsters Local 559,* 167 Conn. 315, 318, 355 A.2d 279 (1974). See generally Craver, "The Judicial Enforcement of Public Sector Grievance Arbitration," 58 Tex. L. Rev. 329, 334 (1980). Section 52-418 only authorizes a court to vacate an arbitrator's "award" and then only under narrow circumstances.[3] Unless an arbitration decision is an award, therefore, there is no right of appeal. This court has held that a finding on arbitrability is not an award until it becomes part of an award on the merits. *Conte* v. *Norwalk, supra,* 79–80. Therefore, a party must demonstrate that an "award" on the merits has been rendered before any right to appeal attaches.

---

[3] General Statutes § 52-418 provides, in pertinent part: "In any of the following cases the superior court . . . shall make an order vacating the award upon the application of any party to the arbitration: (a) If the award has been procured by corruption, fraud or undue means; (b) if there has been evident partiality or corruption on the part of the arbitrators or either of them; (c) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; (d) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

The plaintiff claims that this rule should not control when one arbitrator determines the arbitrability of a dispute and another arbitrator determines the merits of a dispute. In such a situation, the plaintiff argues, the aggrieved party may be deemed to have waived its right to appeal on the arbitrability decision if it waits until the rendering of the decision on the merits to appeal.

The fact that one arbitrator decides arbitrability and another makes the final award will not preclude the plaintiff from challenging the arbitrability issue after the final resolution of the dispute through the arbitration process. The plaintiff's claim is without merit.

There is no error in the trial court's granting of the motion to dismiss.