## BOROUGH OF NAUGATUCK v. AFSCME, COUNCIL #4, LOCAL 1303, ET AL.
### (10558)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and GRILLO, Js.

Argued March 31—decision released June 14, 1983

*N. Warren Hess III,* for the appellant (plaintiff).

*Michael J. Lombardo,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellee (defendant Connecticut state board of mediation and arbitration).

*J. William Gagne, Jr.,* with whom, on the brief, was *David A. Swaine,* for the appellee (named defendant).

GRILLO, J. The facts culminating in the present appeal are not in dispute. On September 30, 1979, the CETA (Comprehensive Employment Training Act) eligibility of the individual defendant, Richard Brown, having allegedly expired, his employment was terminated by the plaintiff Borough of Naugatuck (hereinafter the borough). Local 1303, Council #4, American Federation of State, County and Municipal Employees, AFL-CIO (hereinafter the union), formally protested the termination of Brown pursuant to a collective bargaining agreement in effect between the borough and the union. The grievance was rejected by the borough, and as a result the union filed a demand for arbitration with the Connecticut state board of labor and arbitration (hereinafter the board). The issue presented to the board was as follows: "Is the grievance of Mr. Richard Brown arbitrable? If so, what disposition shall be made of it?" A hearing was held. The borough appeared at the hearing and objected to the arbitrability of the grievance. On September 23, 1980, the board issued a decision which found the grievance arbitrable and scheduled a hearing on the merits to be held on November 14, 1980.

On October 14, 1980, the borough filed an application with the Superior Court in the judicial district of Waterbury seeking an order to vacate the decision of arbitrability or for an injunction prohibiting a hearing on the merits by the board. The defendant board filed a motion to dismiss, claiming the court lacked subject matter jurisdiction over the application because the preliminary ruling on arbitrability by the board did not constitute an "award."[1] Succinctly stated, the borough contends that the equitable power of the court encompasses a judicial determination on the issue of ar-

---

[1] The brief of the union states that it and the board filed a motion to dismiss, but the record indicates that the motion was filed by the board only.

bitrability prior to a hearing on the merits of the grievance even though the board has made only a preliminary ruling on arbitrability.

The trial court concluded that there was no award rendered which was subject to review since the second question submitted to the board simultaneously with the question of arbitrability had not been answered. The application to vacate was therefore premature, thus precluding relief via §§ 52-418 and 52-420 of the General Statutes.[2] We agree.

In determining the propriety of an arbitration decision, the cardinal inquiry of the court is an examination of the submission and the award to ensure that the award conforms with the submission. *Carroll* v. *Aetna Casualty & Surety Co.,* 189 Conn. 16, 21, 453 A.2d 1158 (1983); *Board of Education* v. *Bridgeport Education Assn.,* 173 Conn. 287, 291, 377 A.2d 323

---

[2] General Statutes §§ 52-418 and 52-420 state in pertinent part: "Sec. 42-418. VACATING AWARD. (a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

"Sec. 52-420. MOTION TO CONFIRM, VACATE OR MODIFY AWARD. (a) Any application under section 52-417, 52-418 or 52-419 shall be heard in the manner provided by law for hearing written motions at a short calendar session, or otherwise as the court or judge may direct, in order to dispose of the case with the least possible delay."

(1977). The submission defines the scope of the entire arbitration proceeding by delineating the issues to be decided.

Having decided the question of arbitrability on September 23, 1980, the board, on October 7, 1980, set a hearing date. Thereafter, on October 14, 1980, the plaintiff instituted the present action. It is obvious that there was one submission, albeit divided into two questions. To view the affirmative answer to the first question as a final award in this case is without legal basis. That response did not resolve the gravamen of the grievance issue—the disposition of Brown's case.

Arbitration affords a contractual remedy with a view toward expediting disputes. "Section 52-418 only authorizes a court to vacate an arbitrator's 'award' and then only under narrow circumstances. Unless an arbitration decision is an award, therefore, there is no right of appeal. This court has held that a finding on arbitrability is not an award until it becomes part of an award on the merits. *Conte* v. *Norwalk,* [173 Conn. 77, 79–80, 376 A.2d 412 (1977)]. Therefore, a party must demonstrate that an 'award' on the merits has been rendered before any right to appeal attaches." *State* v. *Connecticut Employees Union Independent,* 184 Conn. 578, 580, 440 A.2d 229 (1981). In advocating that the court use its equitable powers to prevent further action by the board, the plaintiff insists that "the entire contract [the collective bargaining agreement] lacks any all inclusive language that could be construed in a manner suggesting that the parties intended to submit the question of arbitrability to the arbitrators." The debility of this claim is the fact that the plaintiff *did* submit the question to arbitration—a procedure which implicates the policy advocating a minimum of judicial intrusion. Had the plaintiff wished to obtain, ab initio, a judicial determination of the issue of arbitrability, it

could have sought the aid of the court to resolve that question before submitting the question to arbitration. *New Britain* v. *Connecticut State Board of Mediation and Arbitration,* 178 Conn. 557, 560, 424 A.2d 263 (1979).

Having authorized the arbitrators to decide the issue of arbitrability, the plaintiff cannot now appeal to the court's equitable powers for injunctive relief before proceeding to arbitrate the issue on the merits. Once the debate has begun, it cannot be interrupted relative to a claimed error by a participating team. A decision relative to a protest must be sought at the close of the polemics. Thus, even if it is assumed, for the sake of argument, that the board returns an unfavorable decision on the merits of the defendant Brown's claim, the borough may at that time contest the arbitrability issue. "In such cases a court, on a motion to vacate, may properly entertain a challenge to an award alleging disregard of the limits in the parties' agreement with respect to arbitration." *New Britain* v. *Connecticut State Board of Mediation and Arbitration,* supra; see *Conte* v. *Norwalk,* supra, 79.

There is no error.

In this opinion the other judges concurred.