CAROL DAGINELLA, ADMINISTRATRIX (ESTATE OF GEORGE DAGINELLA) *v.* FOREMOST INSURANCE COMPANY ET AL.
(12476)
(12477)

PETERS, C. J., SHEA, DANNEHY, SANTANIELLO and CALLAHAN, Js.

Argued May 8—decision released July 23, 1985

*Joseph T. Sweeney,* for the appellant (named defendant).

*James O. Shea,* for the appellant (defendant Massachusetts Bay Insurance Company).

*Daniel J. Mahaney,* for the appellee (plaintiff).

PETERS, C. J. The principal issue on these appeals is whether a Superior Court decision providing advice to an arbitrator pursuant to General Statutes § 52-415[1]

---

[1] "[General Statutes] Sec. 52-415. ARBITRATORS MAY ASK ADVICE OF COURTS. At any time during an arbitration, upon request of all the parties to the arbitration, the arbitrators or an umpire shall make application to any designated court, or to any designated judge, for a decision on any question arising in the course of the hearing, provided such parties shall agree in writing that the decision of such court or judge shall be final as to the question determined and that it shall bind the arbitrators in rendering their award. An application under this section may be heard in the manner provided by law for the hearing of written motions at a short calendar session, or otherwise as the court or judge may direct."

is a final judgment appealable to this court. The plaintiff Carol Daginella, administratrix of the estate of George Daginella, entered into arbitration with the defendants, Massachusetts Bay Insurance Company and Foremost Insurance Company, to determine the amount of insurance owed to the plaintiff as a result of the decedent's death in a motorcycle accident. In their written submission of arbitration, the parties stipulated that the arbitrator would apply to the Superior Court for advice on the resolution of two questions of law, pursuant to General Statutes § 52-415, and that the court's resolution of these questions would be final and would bind the arbitrator in making his award.[2] Upon the arbitrator's motion for advice, the court, *J. Healey, J.*, rendered judgment and filed a memorandum of decision. The arbitrator subsequently made an award that conformed to the court's advice. Both defendants filed appeals from the Superior Court's judgment.[3]

The relevant facts are undisputed. George Daginella was killed when the motorcycle he was operating collided with a motor vehicle operated by Nathaniel Ecklin. The parties stipulated that Ecklin was liable to the plaintiff for the death of Daginella for damages in excess of $60,000 but had insurance coverage of only $25,000. This sum was paid to the plaintiff and the par-

---

[2] The "Agreement for Submission of Issues to Arbitrator and for Judicial Review and Resolution of Legal Issues" contained the following stipulation: "That said Arbitrator will make appropriate findings of underlying facts, but will, pursuant to Section 52-415 of the Connecticut General Statutes, apply to the Connecticut State Superior Court for advice on the resolution of the following stated issues of law, and the advice of the Court on those issues shall be binding on the Arbitrator and shall control the outcome of this claim  . . . ." The issues of law submitted to the Superior Court can be found at p. 29 of this opinion.

[3] The defendants did not appeal from the award itself by filing a motion to vacate or to modify the award in the Superior Court within the statutorily required period of thirty days from notice of the award. General Statutes § 52-420 (b).

ties agreed that it would be credited towards any coverage available to the plaintiff through the decedent's motor vehicle insurance policies.

The decedent was insured by Foremost Insurance Company and Massachusetts Bay Insurance Company. The Foremost policy provided $20,000 uninsured motorist coverage on the motorcycle, but by its terms did not provide underinsured motorist coverage. The Massachusetts Bay policy provided $20,000 in both uninsured and underinsured motorist coverage on two of the decedent's vehicles other than the motorcycle.

Having found the above facts, the arbitrator submitted two questions to the court for resolution: "(1) Whether or not the Foremost insurance policy, either by virtue of its own contract language or by virtue of § 38-175c of the General Statutes, provides underinsured, as distinct from uninsured, motorist coverage applicable to this Daginella claim? (2) To how much credit is either or each insurance carrier entitled by virtue of the above identified $25,000 payment as a set-off against any payment which either or each of those carriers might be required to make on this Daginella claim?" In response to this submission, the court found that "Section 38-175a of the General Statutes mandates the inclusion of underinsured coverage in the Foremost policy." It also found that each insurance policy contains a "pro-rata" provision. In accord with this provision, each company is entitled to a share of the $25,000 credit "proportionate to the limit of underinsured motorist coverage which it provides."

The two defendants raise different claims of error on appeal. Foremost asserts that the trial court erred in interpreting General Statutes § 38-175c to apply to a motorcycle liability policy. Massachusetts Bay claims that the trial court erred in applying the pro rata provision of its policy. We do not reach either of these

issues because we conclude, as the plaintiff has argued,[4] that the appeals were not taken from a final judgment and accordingly must be dismissed for lack of subject matter jurisdiction.

As prescribed by statute, appeals to this court may be taken only from final judgments of the Superior Court. General Statutes § 52-263; *State* v. *Southard,* 191 Conn. 506, 508, 467 A.2d 920 (1983); *State* v. *Curcio,* 191 Conn. 27, 30, 463 A.2d 566 (1983). The final judgment in an arbitration proceeding is ordinarily an order of the court vacating, modifying or confirming the arbitrator's award. General Statutes § 52-423.[5] A judgment providing advice to the arbitrator is made before an arbitral award is rendered and thus before a final judgment on that award can be obtained. Because it occurs in the midst of the arbitration process, such advice is necessarily interlocutory in nature.

The conclusion that an order is interlocutory does not, however, definitively resolve the question whether that order is immediately appealable. We have held that "[a]n otherwise interlocutory order is appealable in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." *State* v. *Curcio,* supra, 31. Therefore, we must determine whether the court's judgment pursuant to General Statutes § 52-415 fits within either of these two exceptions.

The trial court's ruling in this case does not fall within the exception of an order that " 'terminates a separate

---

[4] The plaintiff originally raised the jurisdictional issue by filing a motion to dismiss the appeal, a motion that we denied without prejudice to its renewal at the time of full argument. The issue was, in accordance with our order, further discussed in the parties' appeal briefs.

[5] "[General Statutes] Sec. 52-423. APPEAL. An appeal may be taken from an order confirming, vacating, modifying or correcting an award, or from a judgment or decree upon an award, as in ordinary civil actions."

and distinct proceeding.' " As we held in *State* v. *Parker,* 194 Conn. 650, 653, 485 A.2d 139 (1984), rulings that directly affect the merits of a controversy do not pass this part of the *Curcio* test. Applying *Parker* here, we conclude that the trial judge's rulings were determinative of the amount owed by the insurance companies to the plaintiff. The arbitrator was bound to make his award based on the court's advisory judgment. Thus, the judgment of the court was not a separate and distinct proceeding but "merely a step along the road to final judgment." *State* v. *Parker,* supra, 653.[6]

Nor does the trial court's ruling meet the requirements of the second *Curcio* exception. Our focus in this part of the inquiry is "not on the proceeding involved, but on the potential harm to the appellant's rights." *State* v. *Curcio,* supra, 33. An otherwise interlocutory order will be reviewable if immediate appellate review is necessary to prevent the irreparable loss of a cognizable legal right. *State* v. *Parker,* supra, 656; *State* v. *Curcio,* supra, 34. An essential predicate to the applicability of this test is the identification of jeopardy to a statutory or constitutional right that the interlocutory appeal seeks to vindicate. *State* v. *Curcio,* supra, 34. The defendants have not established that they have such a right that must be vindicated presently.

In general, parties who have entered into arbitration have a right to an award that conforms to the submission. *Naugatuck* v. *AFSCME,* 190 Conn. 323, 325, 460 A.2d 1285 (1983); *Bruno* v. *Department of Consumer Protection,* 190 Conn. 14, 18, 458 A.2d 685 (1983); *Carroll* v. *Aetna Casualty & Surety Co.,* 189 Conn. 16,

---

[6] We have held that a court order directing the parties to proceed to arbitration "terminates a separate and distinct proceeding" and is therefore appealable. *Dewart* v. *Northeastern Gas Transmission Co.,* 139 Conn. 512, 514, 95 A.2d 381 (1953). Such an order is not ancillary to arbitration but preliminary to it.

21, 453 A.2d 1158 (1983). If the arbitrator has abused his authority and rendered a nonconforming award, a party can apply to the Superior Court for vacation or modification of the award; General Statutes §§ 52-418, 52-419; and for subsequent appellate review. General Statutes § 52-423. The question here is whether § 52-415 creates any additional rights that cannot be vindicated by this process. We conclude that it does not.

By its terms, § 52-415 gives the parties the right to an award that conforms to the advice of the court. Whether or not this right has been violated is a matter that cannot be determined until there has been an award. Cf. *Conte* v. *Norwalk,* 173 Conn. 77, 80, 376 A.2d 412 (1977). Intermediate review of the trial court's ruling prior to an award would, therefore, not serve to protect this right.

The defendants appear to argue, however, that § 52-415 also confers upon them the right to an award that conforms not just to the advice of the court on certain questions, but to the law of this state applicable to those questions. Since it is possible that the trial court's advice may have been in error, they claim that vindication of such a right implicates immediate access to appellate review. According to the defendants, § 52-415 must be construed to create an exception to the general rule that "[i]f a submission is unrestricted, the arbitrators are not required to decide the issues according to law and the award cannot be reviewed for errors of law or fact."[7] *Bridgeport* v. *Bridgeport Police Local 1159,* 183 Conn. 102, 106, 438 A.2d 1171 (1981).

---

[7] At oral argument, counsel for Massachusetts Bay argued that the submission invoking General Statutes § 52-415 was a restrictive submission like that at issue in *Chase Brass & Copper Co.* v. *Chase Brass & Copper Workers Union,* 139 Conn. 591, 595–96, 96 A.2d 209 (1953), in which " 'the parties agreed to accept the award as final and binding "providing it is not contrary to law." ' " *Carroll* v. *Aetna Casualty & Surety Co.,* 189 Conn. 16, 20 n.6, 453 A.2d 1158 (1983), quoting *Chase Brass & Copper Co.* v. *Chase Brass & Copper Workers Union,* supra, 594–95. Even if we were to assume,

There are several answers to this argument. First, the language of the statute militates against the availability of any appellate review. The statute expressly provides, in relevant part, that the advice of the court shall be "final as to the question determined and that it shall bind the arbitrators in rendering their award." If the legislature had intended to create a statutory exception to the rules generally governing arbitration, it is unlikely that the advice of the court would have been characterized as "final." Second, and even more significant, however, is the lack of a necessary connection between a right to an award that conforms to the law and immediate appealability of § 52-415 advice. Even if we were to assume, arguendo, that General Statutes § 52-415 creates a right to appellate review of legal conclusions that is broader than that normally afforded in arbitration pursuant to General Statutes § 52-418,[8] such a right can readily be vindicated on appeal from a final judgment following the arbitral award. For these reasons, the judgment of advice rendered pursuant to General Statutes § 52-415 falls outside the second as well as the first *Curcio* exception and is not an appealable final judgment.

Our conclusion that the judgment of the court is not immediately appealable comports with the policies underlying arbitration. "Arbitration affords a contractual remedy with a view toward expediting disputes." *Naugatuck* v. *AFSCME,* supra, 326. Arbitration is

---

arguendo, that the invocation of General Statutes § 52-415 in effect created a restricted submission, thereby permitting appellate review of questions of law, such review would be available following the rendering of the arbitral award and would not require interlocutory review of the § 52-415 judgment.

[8] We have previously indicated that General Statutes § 52-415 is available to parties who wish "to raise novel and complex questions of law and fact." *Carroll* v. *Aetna Casualty & Surety Co.,* 189 Conn. 16, 23 n.9, 453 A.2d 1158 (1983); see *Trumbull* v. *Trumbull Police Local 1745,* 1 Conn. App. 207, 216, 470 A.2d 1219 (1984). We do not decide today whether advice rendered pursuant to General Statutes § 52-415 is ultimately reviewable through the normal process of appeal from an arbitrator's award.

favored because it "is intended to avoid the formalities, delay, expense and vexation of ordinary litigation." *Bridgeport* v. *Bridgeport Police Local 1159,* supra, 107; see generally note, "Arbitration in Connecticut: Issues in Judicial Intervention Under the Connecticut Arbitration Statutes," 17 Conn. L. Rev. 387 (1985). General Statutes § 52-415 offers parties to arbitration the unusual opportunity of seeking expert legal assistance; see Domke, Commercial Arbitration (Rev. Ed. Wilner 1985) § 25:06; but it is designed to enhance, not to frustrate, the process of rapid, informal dispute resolution. Prohibiting interlocutory appellate review limits disruption and delay and prevents the arbitration process from being overtaken by litigation.

The appeals are dismissed.

In this opinion the other judges concurred.