[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO MODIFY ARBITRATION AWARD AND MOTION TO CONFIRM ARBITRATION AWARD
This case arises out of arbitration involving underinsured motorist protection under insurance policies issued by the defendants Peerless Insurance Company (Peerless) and Nationwide Mutual Insurance Company (Nationwide).
On October 5, 1990 the arbitrators found the issue of liability in favor of the plaintiffs and awarded $50,000 to the plaintiff Donald Eheman and $25,000 to the defendant Michael Eheman. The arbitrator's award also stated that Peerless was to pay 80% of the award, and Nationwide was to pay 20% of the award based on their respective coverages. The Peerless policy had $200,000 in underinsured motorist coverage, and the Nationwide policy had $50,000 underinsured motorist coverage. The arbitrators had proceeded on the assumption that both carriers had policies providing coverage and followed the concept that where two policies cover the CT Page 1713 particular risk equally, liability will be prorated based upon the total policy limits. Sacharko v. Center Equities Limited Partnership, 2 Conn. App. 439, 447.
Nationwide filed a motion to correct or vacate the arbitration award on October 30, 1990. On November 19, 1990 the court vacated the arbitration award as to Nationwide because its policy was not applicable as a matter of law, but no further action was taken on the award. The plaintiffs and Peerless were allowed to bring further proceedings to modify or confirm the arbitration award against Peerless. The plaintiffs then filed a motion to modify the arbitrators' award on December 3, 1990. Peerless filed an application to confirm the award on January 17, 1991. These motions are now before the court.
A motion to modify an arbitration award must be based on section 52-419 of the General Statutes. That statute allows modification if the court finds that any one of three stated defects exists in the proceedings. Section 52-419(a) C.G.S. If so, the court can issue an order modifying or correcting the award to carry out its intent and promote justice between the parties. Section 52-419(b) C.G.S. Peerless contends that there is no mistake in the arbitrator's award and that the plaintiffs have not established any of the grounds for modification under section 52-419(a) C.G.S. The arbitrators did not make a mistake since the award clearly directed Peerless to pay 80% of the $75,000 award to the two plaintiffs. The award was within the scope of the submission to them initiated by the plaintiff, Daginella v. Foremost Insurance Co., 197 Conn. 26, 31, which limits the ability of the parties to change it. What the plaintiffs are basically requesting by their motion for modification is to increase the liability of Peerless from 80% to 100%, namely from $60,000 to $75,000, because the $15,000 award against Nationwide has been thrown out. Applications to modify, vacate or confirm arbitration awards are a special statutory proceeding, and the scope of judicial review is limited. American Universal Insurance Co. v. DelGreco, 205 Conn. 178,185. There has been no miscalculation of damages. Under section 52-419 the court cannot make a correction in the amount of an award which affects the merits of the controversy. Pratt, Read Co. v. United Furniture Workers of America, Local 105, 136 Conn. 205, 208. Peerless is correct that the plaintiffs' problem here is not covered by section 52-419.
In addition, the motion for modification is not timely. A motion to modify an arbitration award can only be made within thirty days from notice of the award to the party who CT Page 1714 makes the motion. Section 52-420 (b) C.G.S. Although section 52-419 allows the correction of an arbitration award by the Superior Court in a proper case, it can only be done on the timely application of a party to the arbitration. Local 1078 v. Anaconda American Brass Co., 149 Conn. 687, 691. For these reasons the motion to modify must be denied.
An application to confirm an arbitration award is not subject to the thirty day requirement of section 52-420(b) of the General Statutes. An application to confirm an award can be made at any time within one year after the award has been rendered and the parties to the arbitration have been notified of it. Section 52-417 C.G.S. The arbitrators decided that Peerless was liable to the plaintiffs for 80% of the total award, or $40,000 to Donald Eheman and $20,000 to Michael Eheman. Peerless has not challenged the award and has apparently paid the $60,000 to the plaintiffs. Its application to confirm the award was filed within the time limit in section 52-417. In deciding whether to confirm an award the court only decides whether the award conforms to the submission. American Universal Insurance Co. v. DelGreco, supra, 186, 187. The plaintiffs selected arbitration and decided to make a claim against Nationwide, and are bound by the results, even though they may not be fully compensated for their losses. The Superior Court has limited jurisdiction to interfere with arbitration awards.
The motion to confirm the award is granted, and the motion to modify the award is denied.
ROBERT A. FULLER, JUDGE