[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Local 884, Council 4, AFSCME ("union") has moved to dismiss the application of the City of New Haven to vacate an arbitration award entered by the State Board of Mediation and Arbitration ("Board") on October 23, 1991.
The union claims that the application to vacate is premature because it challenges the first part of a bifurcated arbitration that is not subject to challenge until fully completed. It claims, in effect, that the court lacks subject matter jurisdiction to review an award in an arbitration proceeding that has not been completed.
The sections of the statute invoked by the City are52-418 (a)(3), which authorizes the court to set aside an award if "the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause . . .", and 52-418 (a)(4), "if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."
The City contends that the Board denied the City's request for a continuance and threatened that the arbitrators would proceed in the absence of the City's counsel unless he stipulated to a settlement and that it then entered the resulting stipulation as an arbitration award. The City contends that the second stage of the arbitration was only to determine the amount of back pay due pursuant to the stipulation. The union claims that the second stage of the arbitration was not a matter of mere computation but involved the presentation of varying claims as to the grievant's entitlements and the applicable pay rate and was therefore substantive.
The application to vacate the award recites that on the date of the arbitration in August 1991, Clifton Graves, the deputy corporation counsel assigned to the matter, was ill and that he requested a continuance by telephone but that this request was denied and he was told by an unspecified representative of the CT Page 3040 Board to "settle or lose," after which the Board issued an award.
The text of the award is as follows:
 This statement was read into the record by the Union. The Management Arbitrator and the Panel Chairman spoke, by phone, with the City spokesperson, Clifton Graves, who was unable to attend the hearing, regarding his complete understanding of the following statement.
 The Union and the City move that the Board of Mediation Arbitration accept the following settlement of the above grievance re the merits of the case but still keep jurisdiction to resolve the issues of back pay and benefits.
The award then lists terms providing for the reinstatement of the grievant to a position with the City and states that the parties will negotiate concerning back pay and benefits and return to the arbitrators for a hearing if they are unable to reach a settlement.
The application to vacate the award was then filed. No settlement as to back pay was reached, and the Board held a hearing on or about March 16, 1992, to determine the amount of back pay due. It has not yet issued an award as to that second phase of the proceedings.
As is noted above, the application to vacate the award invokes two discrete sections of 52-418 C.G.S., the statute that authorizes challenges to arbitration awards.
Invoking 52-418 (a)(3) C.G.S., the City takes the position that the arbitrators erred in refusing to postpone the hearing upon sufficient cause shown and, instead, forcing the City to enter into a settlement as to reinstatement of the grievant. The City argues that this action by the arbitrators is complete and will not be affected by the second phase of the arbitration. The City therefore argues that its invocation of 52-418 (a)(3) C.G.S. is timely and that adjudication of its application to vacate the award should not await the completion of the second phase of the arbitration.
While the parties have not cited any Connecticut cases concerning jurisdiction to review the conduct of arbitrators before all phases of an arbitration proceeding are completed, the Connecticut Supreme Court has indicated in other contexts that piecemeal review of arbitration proceedings is disfavored. CT Page 3041
In Naugatuck v. AFSCME, Council #4, 190 Conn. 323 (1983), the Supreme Court upheld a trial court decision holding that the decision of an arbitration panel as to the arbitrability of the dispute was not subject to judicial review until the substantive dispute itself had also been decided by the arbitrators. The Court discussed the goal of arbitration as a means of expediting disputes and noted that 52-418 C.G.S. authorizes review only of the complete award. The Court stated, 190 Conn. at 327, that "[a] decision relative to a protest must be sought at the close of the polemics" and stated that the time to contest the decision as to arbitrability was after the arbitrators had decided the merits of the full claim.
The City argues that a challenge to the conduct of the arbitrators can be raised at the present stage of the arbitration because it concerns the fairness of the arbitration itself.
Connecticut's courts have looked to federal law in construing arbitration issues in the context of labor relations. School Administrators v. Dow, 200 Conn. 376, 381 (1986). Federal case law construing an analogous statute authorizing review of arbitration awards, 9 U.S.C. § 10, counsels that even where the challenge concerns the impartiality of the arbitrators, judicial review is not available until the arbitrators have made an award on the merits of all issues submitted to them. Marc Rich Co. v. Transmarine Seaways Corp., 443 F. Sup. 386, 387-8 (S.D.N Y 1978); Catz Am. Co. v. Pearl Grange Fruit Exch., 292 F. Sup. 549,551 (S.D.N.Y. 1968); Petition of Dover S.S. Co., 143 F. Sup. 738,742 (S.D.N.Y. 1956); Albatross S.S. Co. v. Manning Bros.,95 F. Sup. 459 (S.D.N.Y. 1951).
In Michaels v. Mariforum Shipping, S.A., 624 F.2d 441, 414
(2nd Cir. 1980), a party to an arbitration in which various issues were to be decided at various stages sought judicial review of an interlocutory award, contending that the award was final as to those issues decided and that the arbitrators had engaged in "misbehavior" within the meaning of 9 U.S.C. § 10 (c). The Second Circuit found that neither a challenge to the merits of the decisions rendered nor a challenge based on misconduct could be reviewed until an award had been rendered as to all issues submitted to arbitration, rejecting the argument that grounds addressed to the conduct of the proceedings were subject to immediate review.
In view of the persuasive case law construing judicial review of arbitrators to be limited to a review of final awards dispositive of all submitted issues, this court finds that it lacks jurisdiction to review at this time on the interlocutory award that is the subject of the City's application, and the application is therefore dismissed as premature. CT Page 3042
BEVERLY J. HODGSON JUDGE OF THE SUPERIOR COURT