[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 20, 1990, the plaintiff, Valley View Enterprises, Inc. (Valley View), a general contractor, entered into a subcontract with the defendant, Rykoff-Sexton New England (Rykoff-Sexton). Under the subcontract, in exchange for payment, Rykoff-Sexton was to provide and install food service equipment at Southern Connecticut State University.
The subcontract between the parties contains an arbitration provision that reads as follows:
 All claims, disputes and other matters in question arising out of, or relating to, this Subcontract, or the breach thereof, shall be decided by arbitration, conducted in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association [AAA] then obtaining unless the parties mutually agree otherwise.
Subcontract, Article 11.1.
A payment dispute arose between the parties and was submitted to the AAA by Rykoff-Sexton on March 17, 1992 for an arbitration hearing. The payment dispute involved monies Rykoff-Sexton claimed were due for the equipment that Rykoff-Sexton purchased and installed at the student center.
On April 3, 1992, Valley View presented to the AAA a motion to dismiss Rykoff-Sexton's claim for arbitration on the ground that the claim by Rykoff-Sexton was not within the scope of the CT Page 8241-D arbitration agreement. In its motion to dismiss, Valley View claimed that disputes related to equipment and materials were not within the scope of the arbitration provision of the subcontract.
Rykoff-Sexton filed an objection to the motion to dismiss with the AAA, and the AAA scheduled a hearing for October 7, 1992, on the arbitrability of the claim. On September 21, 1992, Valley View objected to the arbitrability hearing, claiming that a court, not the AAA, should decide whether the matter is arbitrable. Rykoff-Sexton replied to the objection and asserted that the determination of arbitrability was within the scope of the authority of the AAA.
In a written "Arbitrability Award" dated November 2, 1992, the AAA found that the dispute was arbitrable, and thus denied Valley View's objection to the arbitrability hearing. The "Arbitrability Award" solely addresses the arbitrability of the dispute and does not address the substance of the issue submitted arbitration.
On December 2, 1992, Valley View filed the present application to vacate the arbitration award of November 2, 1992. On December 21, 1992, Rykoff-Sexton filed a memorandum in opposition to Valley View's application to vacate.[1]
 Whether a particular dispute is arbitrable is a question for the court, unless, by appropriate language, the parties have agreed to arbitrate that question, also. The intention to have arbitrability determined by an arbitrator can be manifested by an express provision or through the use of broad terms to describe the scope of arbitration, such as "all questions in dispute and all claims arising out of" the contract or "any dispute that cannot be adjudicated."
(Citations omitted; internal quotation marks omitted). Welch Group, Inc. v. Creative Drywall, Inc., 215 Conn. 464, 467,576 A.2d 153 (1990).
 The present subcontract refers to arbitration of "all claims, disputes and other matters in question arising out of, or relating to" the subcontract. The description of the scope of arbitration the subcontract is so broad that it demonstrates the intent to have the issue of arbitrability determined by the AAA.
CT Page 8241-E
 Arbitration affords a contractual remedy with a view toward expediting disputes. Section 52-418 only authorizes a court to vacate an arbitrator's award and then only under narrow circumstances. Unless an arbitration decision is an award, therefore, there is no right of appeal. [The supreme court] has held that a finding on arbitrability is not an award until it becomes part of an award on the merits. Therefore, a party must demonstrate that an award on the merits has been rendered before any right to appeal attaches. . . .
 Having authorized the arbitrators to decide the issue of arbitrability, the plaintiff cannot now appeal to the court's equitable powers for injunctive relief before proceeding to arbitrate the issue on the merits. Once the debate has begun, it cannot be interrupted relative to a claimed error by a participating team. A decision relative to a protest must be sought at the close of the polemics. . . . In such cases a court, on a motion to vacate, may properly entertain a challenge to an award alleging disregard of the limits in the parties' agreement with respect to arbitration.
(Citations omitted; internal quotation marks omitted). (Emphasis added). Naugatuck v. AFSCME, 190 Conn. 323, 326-27,460 A.2d 1285 (1983).
In the present case, Valley View has moved under General Statutes 52-418 to vacate the November 2, 1992 decision on the ground that disputes related to equipment and materials are not within the scope of arbitration. However, although the AAA referred to its November 2, 1992 decision as an "Arbitrability Award," that decision is not an "`award' on the merits;" Id., 326; because it does not address the underlying payment dispute. Accordingly, the November 2, 1992 award is merely a "finding on arbitrability" from which there is no appeal at this stage of the
Hammer, Judge