[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION
By a memorandum of decision dated December 18, 1995, this court vacated an arbitration award that the Town of Wallingford had moved to vacate and that Local 1570, Council #15 AFSCME ("union") had moved to confirm. CT Page 2492
This court ruled that the arbitrator exceeded his authority by rendering an award as to an issue that the parties had not agreed to have decided by arbitration. Because that conclusion was dispositive, the court did not decide the alternative grounds raised by the Town as reasons to vacate the arbitrator's award.
After the union filed an appeal from the order vacating the award, the Town filed a motion for articulation seeking to have this court "articulate its decision upon each ground advanced by the Town to support the vacating of the award." The Town explained that it wished to avoid rehearing if this court is not upheld on the ground it found to be dispositive.
The Town identified its additional grounds as being five in number, as follows:
"1. Whether the Arbitrator exceeded his powers and failed to issue a mutual, final and definite award as required by Conn. Gen. Stat. § 52-418 by holding the Plaintiff to proof of a just cause standard contrary to the submission?
2. Whether the Arbitrator is guilty of misconduct under Conn. Gen. Stat. § 52-418 by consideration of evidence not offered by either party, not introduced into evidence in the hearing, and not referred to in the course of the proceeding?
3. Whether the Arbitrator demonstrated a manifest disregard of the law within the meaning of § 52-418 (a)(4) by deviation from the language of the contract, and by his approval of police misconduct involving arrest without probable cause?
4. Whether the Arbitrator did not issue a final and definite award as required by Conn. Gen. Stat. § 52-418 by his explicit retention of jurisdiction of the award?
5. Whether the award violates public policy?"
1. Claimed Deviation from Contract Standard
As to the first issue, the court has previously found that the arbitrator exceeded his powers by deciding a dispute that was expressly designated nonarbitrable in the collective bargaining agreement. CT Page 2493
The Town urges that the arbitrator additionally exceeded his powers by holding the Town to a "just cause" standard for the termination of a probationary police officer. The Town claims that this standard was "contrary to the submission."
In its application to vacate the award, the Town failed to allege what the "submission" that is, the formulation of the issue to be arbitrated, had been. Inspection the award of arbitrator, Albert G. Murphy, which is one of the attachments to the application to vacate, reveals that the arbitrator identified the submission as follows:
 "Issue: whether the above captioned case is arbitrable: If so, what shall the remedy be?"
By an award dated June 28, 1994, the arbitrator, Albert G. Murphy, ruled "The matter is arbitrable limited, however, to the question of whether the termination of the grievance was for `capricious' reasons."
The parties then submitted the following issue: "Whether the termination of the grievant was for capricious reasons, and, If so, what shall be the remedy?"
The text of the "Award" issued by the arbitrator as to the latter issue was as follows:
AWARD
The grievance is sustained.
 The grievant is to be considered as if he had fully completed his probationary period and is entitled to full status as a police officer in the Town of Wallingford.
 He shall be made whole for all losses sustained as a result of the termination of his probationary status and employment including all seniority, back pay and benefits deducting therefrom all income from other employment and/or unemployment compensation.
 I will retain jurisdiction of this case from sixty (60) days to address any problems arising in the implementation of this award. CT Page 2494
The first issue submitted was limited to whether the grievant was eligible for arbitration.
The initial memorandum of decision of this court addresses this issue.
The Town further contends that the arbitrator exceeded his powers as to the decision of the second submission. In essence, the Town complains that the arbitrator held the Town to a requirement of showing just cause to terminate the grievant's employment rather than simply determining whether the reasons for the termination were capricious.
An arbitration award upon an unrestricted submission is to be confirmed if the award conforms to the submission. Garrity v.McCaskey, 223 Conn. 1 (1992); O G/O'Connell Joint Venture v.Chase Family Ltd. Partnership No. 3, 203 Conn. 133, 155 (1987). In determining whether the award conforms to the submission, the reviewing court must examine whether the arbitrator answered the question presented to him. Stratford v. Local 134, IFPTE,201 Conn. 577, 584 (1986); Gennarini Construction Co. v. MessinaPrinting and Decorating Co., 5 Conn. App. 61, 63 (1985).
The Town has briefed the issue on the assumption that the submission was unrestricted, since it cites the standard of review only as to unrestricted submissions (Brief in Support of Application to Vacate and in Opposition to Applicant to Confirm, page 6.) Since the Town has made no claim that the issue was restricted, this court will not examine such a claim but will decide the Town's application according to the law applicable to unrestricted submissions, as the Town has urged.
In Garrity v. McCaskey, 223 Conn. 4, the Supreme Court ruled that
 [w]hen the scope of that submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. Hartford v. Board of Mediation Arbitration, 211 Conn. 7, 14, 557 A.2d 1236 (1989); New Haven v. AFSCME, Council 15, Local 530, 208 Conn. 411, 415-16, 544 A.2d 186 (1988). Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolutions. Middletown v. PoliceCT Page 2495 Local, No. 1361, 187 Conn. 228, 230, 445 A.2d 322 (1982); State v. Connecticut Employees Union Independent, 184 Conn. 578, 579, 440 A.2d 229 (1981).
The Supreme Court in Garrity v. McCaskey stated that while a court may properly vacate an award that rules on the constitutionality of a statute, violates clear public policy, or contravenes a prescription of General Statutes § 52-418, a court may not vacate an award on the ground that it disregards the law unless the arbitrator has displayed "extraordinary lack of fidelity to established legal principles." Garrity, at 10. The Supreme Court has not recognized any exception for misapplication of the words of the contract, the defect claimed by the Town. While the Town seeks to characterize claimed misinterpretation of contract terms as a violation of public policy, when parties submit an unrestricted issue to arbitration, they entrust contract interpretation and legal interpretations (other than those recognized as exceptions, as cited above) to the arbitrator. Bridgeport v. BridgeportPolice Local 1159, 183 Conn. 102, 106 (1981); Bic Pen Corporationv. Local 134, 183 Conn. 579, 584 (1981).
Because in this case the award conforms to the submission, despite the Town's objection to the arbitrator's analysis of the term "capricious," the Town has not established an additional basis for setting aside the award.
2. Use of evidence not submitted at the hearing.
This court finds that the arbitrator relied upon the provisions and standards stated in a document that was not presented in evidence by either party at the arbitration. Specifically, the arbitrator relied on the provisions and standards set forth in the Administrative and Operations Manual, Third Edition of the State Police. After a hearing, this court finds that neither party submitted that document as an exhibit at the Arbitration hearing and that the arbitrator was presented with no testimony to the effect that the contents of that manual had been adopted by or for the use of the Wallingford Police Department. This court finds that the arbitrator obtained this document outside of the arbitration procedure and used it as evidence in deciding the issue presented. The Town was deprived of any opportunity to object to the document on grounds of relevance or to counter, explain, or distinguish any of the statements made in that document. CT Page 2496
General Statutes § 52-418 (a)(3) provides that an arbitration award may be vacated if the arbitrator has engaged in "any action by which the rights of any party have been prejudiced." By using as the standard for behavior a manual not in evidence and not shown to have been adopted by the Wallingford Police Department, the arbitrator acted on the basis of evidence to which the Town had no opportunity to respond. The court was thereby prejudiced.
In O G/O'Connell Joint Venture v. Chase Family LimitedPartnership No. 3, 203 Conn. 133, the Supreme Court noted that "ex parte receipt of evidence as to a material fact, without notice to a party" would constitute a violation of § 52-418
(a)(3). Since the reasons for terminating the grievance were the issue, use of an undisclosed document regarding proper police conduct was indeed material.
The arbitrator's reliance on a document not in evidence and to which the Town had no opportunity to respond was a violation of § 52-418 (a)(3) and the award should be vacated for this further reason.
3. Deviation from the language of the contract.
The court has already found that the arbitrator deviated from the clear limits of the parties' agreement by finding a dispute concerning a probationary employee to be arbitrable. The Town asks this court to determine that the arbitrator failed to give effect to contract language in finding that the Town had violated the collective bargaining agreement by terminating the employment of the grievant. The Town characterizes this determination by the arbitrator less neutrally: "by his approval of police misconduct involving arrest without probable cause." In effect, the Town asks this court to decide that the arbitrator erred in weighing the evidence and in concluding that the incidents relied upon by the Town did not warrant termination.
As stated in Part 1 above, this court's review as to claims of error in weighing the evidence and applying contract language concerning the termination of employees is limited to making the determination whether the award conforms to the submission. This court finds that it does, and that the court may not decide the interpretation issue de novo.
4. Finality of award where arbitrator retained jurisdiction.
CT Page 2497
The arbitrator concluded his award with the statement that "I will retain jurisdiction of this case for sixty (60) days to address any problems arising in the implementation of this Award." Though it is by no means clear that this statement required the parties to advert to the arbitrator rather than to judicial authority in case of enforcement issues, the offer to adjudicate any further disputes arising from the award rendered the terms of the award itself no less clear, definite or final. The arbitrator did not fail to give a full response to the issue "What shall be the remedy?" and the Town does not contend that any part of the issue was not completely responded to in the award. The court finds that the award does not violate General Statutes § 52-418 (a)(4) for lack of finality, as alleged by the Town.
5. Violation of public policy.
The final issue as to which the Town seeks articulation is its claim that the arbitrator's award "violates public policy." The Supreme Court in Garrity v. McCaskey, discussed at Part 1 above, identified violation of public policy as an exception to the general standard of giving effect to the factual and legal conclusions of the arbitrator. This court has already found that the arbitrator decided a grievance that was explicitly not subject to arbitration. To that extent, he violated the public policy that parties must not be subjected to adjudication by arbitration unless they have agreed to arbitrate the particular dispute.
Beyond that, the Town is merely seeking to have this court substitute its judgment for that of the arbitrator as to whether the termination was capricious. Such a determination is beyond the scope of the court's power of review delineated in General Statutes sec; 52-418. While a remedy that required a municipal employer to violate the City Charter was found to be invalid as a violation of public policy in Hartford v. Board of Mediation andArbitration, 211 Conn. 7, 13 (1989), the Town in the case before this court has not identified any such clear order to do what a municipal employer is specifically precluded from doing. The Supreme Court noted in Hartford v. Board of Mediation andArbitration, 214 Conn. 14, that it was applying a "narrow exception" to the general rule that "[j]udicial review of unrestricted submissions is limited to a comparison between the submission and the award to see whether, in accordance with the CT Page 2498 powers conferred upon the arbitrators, their award conforms to the submission." New Haven v. AFSCME, Council 15, Local 530,208 Conn. 411, 415-16 (1988). A party challenging an award on grounds of violation of public policy must prove that the arbitrator ordered a party "to engage in conduct that is patently illegal or in clear violation of public policy" Hartford v. Board ofMediation Arbitration, 211 Conn. 15. The Town has not demonstrated that it was illegal for it to reinstate the grievant, since the Town certainly had the legal authority to retain a probationary police officer after he completed his probationary period.
Conclusion
The court finds that an additional ground for vacating the award is the arbitrator's use of evidence that was not part of the record and to which the parties were not given an opportunity to respond.
The court does not find that the other grounds urged by the Town require the award to be vacated. The prior judgment of this court vacating the award for the reasons stated in the court's memorandum of decision dated December 18, 1995 is undisturbed by this articulation.
Beverly J. Hodgson Judge of the Superior Court