[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned action came before this court for decision on the merits of the claim of the plaintiff firefighters' union that the defendants had acted illegally in agreeing to pay certain police officers enhanced pension benefits from the New Haven Policemen's and Firemen's Pension Fund. By agreement of the parties, the trial consisted of submissions of stipulations of fact, documents to which the parties stipulated, and the testimony of Jon Goliber, a staff representative of the union that represented the New Haven police union with regard to labor contract disputes in 1991 and 1992.
The plaintiff firefighters' union seeks to enjoin the City of New Haven, the members of the defendant Policeman and Fireman's Pension Fund Board, and the New Haven Board of Aldermen from paying pension benefits over and above those authorized in the collective bargaining contract between the City and the police union to six former employees of the New Haven Police Department, CT Page 4312 defendants Daniel Blackmon, Walter Connors, Thomas Muller, John O'Connor, James O'Neill, and Thomas Butler. The plaintiff firefighters' union claims that as a result of an agreement made by the City with the police union to settle a dispute concerning these employees in 1991, the six former police majors and commanders are collectively being paid $59,302.98 per year more from the New Haven Policemen's and Firemen's Pension Fund than they were entitled to under the provisions of the police union's collective bargaining agreement. The plaintiff firefighters' union claims that this payment diminishes the funds available for payment of benefits to which New Haven firefighters are entitled under their own collective bargaining agreement with the city.
The defendants take the position that 1) the plaintiff's claims must be decided by the State Board of Labor Relations which has primary jurisdiction over claims of violations of the rights of unions; 2) the plaintiff lacks standing because its members have not suffered and will not suffer any loss or damages from the payments at issue; and 3) that the disputed payments were valid because duly authorized by the board of the pension fund.
The plaintiff claims that the approval by the board of the pension fund of enhanced pension benefits to the six police officers was invalid because ultra vires, that is, that the pension fund board had no authority to agree to pay from the fund benefits in excess of those set forth in the police union contract.
1. Primary jurisdiction
On July 15, 1991, the plaintiff firefighters' union filed a grievance in which it claimed that the agreement to pay enhanced pension benefits to the six police officers "violated the terms of the contract and applicable ordinances by extending benefits to other members of the Plan — without proper authority, in a manner that is fundamentally unfair and in a manner which discriminates on the basis of compensation." (Exhibit 11). The parties agree that this grievance is still pending before the Connecticut State Board of Mediation and Arbitration, which was designated in the firefighters' collective bargaining agreement as the final step of the four-step grievance procedure.
The defendants claim that the Board of Mediation and Arbitration has primary jurisdiction over the subject matter of CT Page 4313 the grievance. The collective bargaining agreement in effect at the time the dispute arose in 1991 provides for binding arbitration by that Board as the final step of resolution of grievances between the firefighters' union and the City of New Haven. (Exhibit 7, pages 3-4). The plaintiff firefighters' union agreed broadly to subject to the grievance procedure, and thus to arbitration, not only claims of violation of the collective bargaining agreement, but also disputes concerning any provisions concerning condition of employment provided for in any statute, charter provisions, ordinance, regulation or policy "or concerning any matter or condition arising out of the employee-employer relationship. " Id.
A dispute that is subject to an agreement to arbitrate may not be reviewed by a court until the arbitrator has completed the arbitration. See Naugatuck v. AFSCME. Council #4, 190 Conn. 323
(1983). At that point, review is as authorized by C.G.S. § 52-418.
Connecticut General Statutes § 52-409 provides that "any action for legal or equitable relief" brought by a party to a written agreement to arbitrate a dispute that is subject to the agreement to arbitrate should be stayed until the arbitration has been completed. See Success Centers, Inc. v. Huntington LearningCenters, Inc., 223 Conn. 761 (1992). The Connecticut Supreme Court has recognized that legal as well as factual disputes may be designated by contract to be within the purview of arbitration. Fink v. Golenbock, 238 Conn. 183, 194 (1996) unless it can be said "with positive assurance" that the arbitration clause is not susceptible to an interpretation that covers the asserted dispute; and doubts are to be resolved in favor of coverage. Fink v. Golenbock, 238 Conn. 195.
While the extreme delay of the designated arbitration board in resolving the dispute is clearly a matter that has distressed the plaintiff union, this delay does not alter the fact that the union agreed to arbitration. The subject matter of the dispute which it submitted to the grievance procedure and thereby to arbitration is the very issue on which it bases its claim for injunctive relief in this court. Given the broad scope of the agreement to arbitrate, which extends not only to contract violations but to violations of other legal provisions "concerning any matter arising out of the employer-employee relationship," the plaintiff's claims concerning the defendants' conduct with regard to the plaintiff's members' pension fund appear to be arbitrable. CT Page 4314
This court construes the defendants' reference to the "primary jurisdiction" of the State Board of Mediation and Arbitration as an invocation of Conn. Gen. Stat. § 52-409. The plaintiff's claim throughout its complaint is an impact on the firefighters' pension fund, clearly an issue and an interest arising from the employment relationship.
This court is required to give effect to the parties' agreement to arbitrate the issues and may not try the issues in derogation of the agreement to arbitrate, since the City has not waived the arbitration provision. To the extent that the plaintiff's claims assert the commission of an unfair labor practice, such claims are within the primary jurisdiction of the State Board of Labor Relations, pursuant to C.G.S. § 31-107.
Other Issues
The substantive issues of law raised by the parties are issues concerning administration of the joint police/fire pension plan that are within the scope of the grievance submitted to arbitration. In view of the principles stated above, this court may not rule on those issues unless and until the agreed arbitration has been completed.
Conclusion
The plaintiff's action for equitable relief concerns disputes that it agreed to submit and did submit to a grievance procedure including a pending arbitration by the State Board of Mediation and Arbitration. For that reason, this court hereby stays this action pending arbitration, pursuant to Conn. Gen. Stat. § 52-409.
Beverly J. Hodgson Judge of the Superior Court