[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT #105 and MOTION FOR SUMMARY JUDGMENT #108. CT Page 9690
The motions for summary judgment before this court arise out of a breach of contract action brought by plaintiff Kenneth Bingman, as the beneficiary of his late wife's life insurance benefits, seeking damages from defendant New Milford Board of Education. Plaintiff seeks 50% of his wife's annual salary pursuant to the 1989-92 collective bargaining agreement between the defendant and the decedent, Claire Bingman. The defendant disputes this amount and claims that under Confederation Life Insurance eligibility requirements, Claire Bingman was not entitled to an increased life insurance benefit, and therefore the plaintiff is entitled to 25% of Claire Bingman's annual salary pursuant to the 1988 Collective Bargaining Agreement.
The following facts are derived from the parties' pleadings, the plaintiff's affidavit, the superintendent of New Milford School's affidavit and letter dated August 10, 1989, the 1989-92 collective bargaining agreement, and the decision of the arbitrator dated March 6, 1991.
The plaintiff's wife, Claire Bingman was employed by the New Milford school system. She taught during the 1986-87 school year. Due to illness Claire Bingman took a leave of absence for the 1988-89 and 1989-90 school years. At that time Claire Bingman continued to receive health insurance benefits, but not salary payments. On February 25, 1990, Claire Bingman died. Subsequently, the plaintiff Kenneth Bingman made a demand to Confederation Life Insurance Company as the beneficiary of his wife's life insurance policy, for $17,000.00 in insurance proceeds pursuant to the 1989-92 collective bargaining agreement. The plaintiff received $7,000 in benefits from Confederation Life Insurance.
Confederation Life Insurance, the defendant's insurance carrier, distributed to the insured parties, including Claire Bingman, a booklet describing the life insurance benefits and eligibility requirements for increased life insurance benefits. According to the insurance booklet, in order for a New Milford school employee to increase her insurance percentage from 25% to 50% of the employee's CT Page 9691 annual salary, the employee must be "actively" teaching one day during the 1989 year.
The disputed 1989-1992 collective bargaining agreement provides the following facts regarding insurance benefits. Article VI, section 2 of the disputed 1992 collective bargaining agreement states that the employee is entitled to 50% of the employee's annual salary. It does not provide for a named insurance carrier, although Article VI, section 4 provides that the defendant has the option to choose or change the life insurance carrier or self-insure. In addition, Article VI, section 4 states that disputes concerning insurance benefits are to be taken up directly with the carrier, and are not subject to arbitration.
The New Milford Education Association, which was the collective bargaining agent for the decedent, requested arbitration of the dispute. The two issues before the arbitrator were: (1) whether the grievance was arbitrable, and (2) whether the Board of Education violated Article VI, Section 2 of the collective bargaining agreement. The arbitrator ruled that the dispute was not subject to the grievance arbitration process based on a provision in the joint collective bargaining agreement providing that "disputes covering payment or non-payment of [insurance benefits] would be taken up directly with the insurance carrier and would not be subject to the grievance and arbitration procedures." Based on this decision, the arbitrator did not reach the merits of the second issue.
On July 12, 1991 the plaintiff brought this one count complaint alleging that the defendant breached the 1989-92 collective bargaining agreement and seeking money damages. The plaintiff alleges that Clair Bingman was a non-tenured teacher employed by defendant New Milford Board of Education. It is further alleged that a collective bargaining agreement existed between defendant New Milford Board of Education and the New Milford Education Association effective July 1, 1989 through June 30, 1992. Pursuant to said collective bargaining agreement, the plaintiff alleges that the life insurance coverage for non-tenured teachers was fifty percent of annual salary. On February 25, 1990, the plaintiff alleged that Claire died while in the employment of the defendant. It is further alleged that at the time of Claire Bingman's death, the plaintiff was the named beneficiary of Claire Bingman's life insurance policy. Plaintiff alleges that the defendant has not paid the amount due to the plaintiff required under the collective bargaining agreement. The plaintiff therefore claims money damages.
CT Page 9692 On September 16, 1991, the defendant answered the complaint. On December 11, 1991, the defendant amended the answer to include the special defenses of collateral estoppel and res judicata. Plaintiff replied to defendant's special defenses on December 17, 1991. After the pleadings were closed, both parties filed motions for summary judgment pursuant to the practice book.
Summary judgment is a procedure to determine whether an issue set forth in the pleadings is in fact in dispute and if not, to eliminate any portion of the case for which trial is not required. Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). The moving party has the burden of proof to show through pleadings, affidavits and any other documentary proof that there is no genuine issue as to any material fact and therefore is entitled to judgment as a matter of law. West Haven v. Hartford Ins. Co., 221 Conn. 149, 155,602 A.2d 988 (1992).
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The defendant moved for summary judgment on the ground that the prior grievance arbitration proceeding should be given collateral estoppel effect and thus should bar the re-litigation of plaintiff's claim. In support of this argument, defendant submits a certified affidavit of the Superintendent of the New Milford Public Schools, and the decision of the arbitrator. In his memorandum in support, defendant contends that the arbitrator found he had no authority over the dispute due to the language of the collective bargaining agreement. The defendant further asserts that the arbitrator found that the parties had agreed that the question of the amount of insurance coverage should be taken up directly with the insurance carrier. Defendant therefore contends that the insurance carrier is the only proper party.
In response the plaintiff argues that collateral estoppel does not bar litigation of plaintiff's claim because the arbitrator decided only that the subject matter was not arbitrable and therefore plaintiff's claim was not fully and fairly litigated or actually decided. In addition, the plaintiff asserts that the parties did not agree that the matter should be taken up directly with the insurance carrier. Plaintiff contends that the insurance carrier is not a necessary party to this action.
Collateral estoppel prohibits the re-litigation of the same issue between the same parties once that issue has been determined by a valid and final judgment. State v. Hope, 215 Conn. 570, 584,577 A.2d 1000 (1990), cert. denied, ___ U.S. ___, 111 S.Ct. 968 (1991). "For an CT Page 9693 issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." Virgo v. Lyons, 209 Conn. 497, 501, 551 A.2d 1243 (1988).
The two issues before the arbitrator were: (1) whether the grievance was arbitrable, and (2) whether the Board of Education violated Article VI, Section 2 of the collective bargaining agreement. The decision of the arbitrator states: "Since the Arbitrator has ruled that the grievance is not arbitrable, no decision is made as to whether the Board violated the provisions of Article VI, Section 2 of the Contract." Arbitration awards are accorded the benefits of the doctrine of res judicata. Corey v. Avco-Lycoming Division,163 Conn. 309, 319 (1972). However, unless an arbitration decision is an award, it is not a final judgment, and is not entitled to collateral estoppel. See Naugatuck v. AFSCME, 190 Conn. 323, 326
(1983), and Conte v. Norwalk, 173 Conn. 77, 79-80, 376 A.2d 412
(1977). A finding on arbitrability is not an award until it becomes part of an award on the merits. Naugatuck, supra, 326. In this case no award was rendered on the merits; the determination of the alleged breach of the collective bargaining agreement was not decided by the arbitrator. Therefore, because there was no final judgment as to this issue, collateral estoppel does not bar the plaintiff's claim.
The next issue before this court is whether plaintiff's complaint is insufficient in that it has failed to name a necessary party, the insurance carrier. Defendant raises this issue on a motion for summary judgment. The exclusive remedy to contest the legal insufficiency of the complaint on the ground of nonjoinder of a necessary party is a motion to strike. Practice Book 198; see also George v. St. Ann's Church, 182 Conn. 322, 325, 438 A.2d 97 (1980). The pleadings are now closed and therefore defendant has waived his right to plead this issue under the proper order of pleadings pursuant to Practice Book 112 and 113.
Based on the foregoing reasons, the defendant's motion for summary judgment is denied.
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiff contends that there is no genuine issue as to any material facts and therefore he is entitled as a matter of law to a judgment that the defendant breached the 1989-92 collective bargaining agreement. In support of this proposition plaintiff CT Page 9694 submitted his affidavit, and various other documents including a letter dated August 10, 1989 from the New Milford School Superintendent to the plaintiff.
The plaintiff argues in his memorandum of law that the 1989-92 collective bargaining agreement requires the defendant to pay 50% of his wife's annual salary upon her death in insurance benefits. Fifty percent of his wife's salary in 1989-90 was approximately $17,000.00. Since he has been paid $7,000.00, he claims the defendant owes him $10,000.00. Plaintiff also asserts that if Confederation Life Insurance Company denies coverage up to 50%, then the defendant can meet this obligation by obtaining additional life insurance or self-insurance.
In opposition, the defendant claims that there is a genuine issue of fact as to which collective bargaining agreement controls and therefore plaintiff is not entitled to summary judgment. The defendant contends that the 1987-88 collective bargaining agreement controls pursuant to the eligibility requirements of increased insurance defined by the insurance carrier's booklet describing life insurance benefits of the collective bargaining agreement. The defendant contends that Claire Bingman's life insurance benefits could only be increased from 25% to 50% on the first day of 1989 that she was "actively" at work. The defendant argues that Claire Bingman was never actively at work in 1989, and therefore is not eligible for the increased life insurance benefits under the 1989-92 collective bargaining agreement.
In addition, the defendant asserts that the letter dated August 10, 1989 is irrelevant and does not support plaintiff's claim of a breach of contract. Lastly, the defendant asserts that the school board is not the guarantor of life insurance benefits and that the contract specifically provides that disputes be taken up directly with the insurance carrier.
Essentially plaintiff's motion for summary judgment requires the court to construe the applicable collective bargaining agreement to determine whether the defendant has breached it. The issue arises as to which collective bargaining agreement controls. Generally, the construction of a written contract is a question of law for the court. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 179,544 A.2d 1185 (1988). However, the interpretation of a contract may involve questions of fact which only the trier of fact can decide. See Gionfriddo v. Avis Rent A Car System, Inc., 192 Conn. 260, 269,472 A.2d 306 (1984). CT Page 9695
In this case the construction of the applicable contract involves the issue of whether the Confederation Life Insurance Company booklet describing eligibility for increases in life insurance benefits is part of the contract. Whether a particular provision forms part of the contract is a factual question for the trier. Griffin v. Nationwide Moving Storage Co., 187 Conn. 405, 414, 446 A.2d 799
(1982). Whether the parties intended to encompass this booklet in their contractual commitments is a question of intention of the parties, and an inference of fact to be resolved by the trier of fact. Gionfriddo, supra, 269. In addition, the question of the determination of Claire Bingman's "active status" and eligibility for benefits are questions of fact to be determined by the trier. See Burnham v. Administrator, 184 Conn. 317, 439 A.2d 1008
(1981). Therefore the plaintiff is not entitled to summary judgment as a matter of law because a genuine issue as to material fact exists. For the foregoing reasons, plaintiff's motion for summary judgment is denied.
PICKETT, J.