CITY OF MIDDLETOWN *v.* POLICE LOCAL, No. 1361

SPEZIALE, C. J., PETERS, PARSKEY, ARMENTANO and SANTANIELLO, Js.

Argued March 3—decision released May 25, 1982

*Francis O'Neill,* for the appellant (plaintiff).

*W. Paul Flynn,* with whom, on the brief, was *Frank J. Raccio,* for the appellee (defendant).

ARMENTANO, J. A panel of the Connecticut board of arbitration and mediation ordered the reinstatement of a police officer of the town of Middletown who had been dismissed for slurring by word and gesture the ethnic origin of band members at a policeman's ball, and for engaging in a fistfight with the bandleader. Upon the plaintiff's application to vacate the arbitration award, brought on several grounds, the trial court vacated[1] the award

---

[1] General Statutes § 52-418 provides: "In any of the following cases the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when said court is not in session, any judge thereof, shall make an order vacating the award upon the application of any party to the arbitration: (a) If the award has been procured by corruption, fraud or undue means; (b) if there has been evident partiality or corruption on the part of the arbitrators or either of them; (c) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; (d) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. If an award is vacated and the time within which the award is required to be rendered has not expired, the court or judge may direct a rehearing by the arbitrators."

on the single ground that the arbitrators had exceeded their powers by failing to take the statutorily required oath before the arbitration hearing.[2] The plaintiff appeals only from that part of the judgment which refers the matter to a different panel of arbitrators for a rehearing, claiming that the court did not have jurisdiction to order a rehearing, and that the time within which to order a rehearing had expired.

"Arbitration is a contractual remedy designed to expedite informal dispute resolution. *Waterbury Board of Education* v. *Waterbury Teachers Assn.*, 168 Conn. 54, 62, 357 A.2d 466 (1975). Its autonomy requires a minimum of judicial intrusion. *Bic Pen Corporation* v. *Local No. 134,* 183 Conn. 579, 583, 440 A.2d 774 (1981); see *Malecki* v. *Burnham,* 181 Conn. 211, 213, 435 A.2d 13 (1980)." *State* v. *Connecticut Employees Union Independent,* 184

---

[2] General Statutes § 52-414 provides: "All the arbitrators shall meet and act together during the hearing, but, when met, a majority may determine any question. If any party fails to appear before the arbitrators or an umpire after reasonable notice, the arbitrators or umpire may nevertheless proceed to hear and determine the controversy upon the evidence which is produced before them. If a written agreement to arbitrate provides that two or more arbitrators therein designated or referred to may select or appoint a person or persons as an additional arbitrator or arbitrators or as an umpire, or if a person or persons are selected or appointed as a substitute arbitrator or arbitrators or umpire and any such selection or appointment is made after evidence has been taken in the arbitration, the matters shall be reheard, unless a rehearing is waived in the written agreement to arbitrate or by subsequent written consent of the parties. Before hearing any testimony or examining other evidence in the cause, the arbitrators and umpire shall be sworn to hear and examine the matter in controversy faithfully and fairly and to make a just award according to the best of their understanding, unless the oath is waived in writing by the parties to the arbitration agreement. Any arbitrator or an umpire shall have power to administer oaths to witnesses."

See *Reinke* v. *Greenwich Hospital Assn.,* 175 Conn. 24, 29, 392 A.2d 966 (1978).

Conn. 578, 579, 440 A.2d 229 (1981). An application to vacate an arbitration award triggers special statutory proceedings that are not civil actions. *Waterbury* v. *Waterbury Police Union Local 1237*, 176 Conn. 401, 408–409, 407 A.2d 1013 (1979).

General Statutes § 52-418 provides, in pertinent part, that "[i]f an award is vacated and the time within which the award is required to be rendered has not expired, the court or judge may direct a rehearing by the arbitrators." The plaintiff claims that the court erred in ordering a rehearing because the parties had not requested a rehearing either in the pleadings or at trial.[3] By filing an application to vacate the arbitration award the plaintiff invoked the statutory jurisdiction of the court, which includes the court's discretion to order a rehearing pursuant to General Statutes § 52-418 even though neither party expressly requested a rehearing. Cf. *Lobsenz* v. *Davidoff*, 182 Conn. 111, 117, 438 A.2d 21 (1980).

The plaintiff claims further that the time for the arbitrators to render the award had expired and, therefore, the court was not empowered to order a rehearing. See General Statutes § 52-418. Because the arbitration agreement did not specify a time limit within which the board must render its award, the plaintiff concedes that the only limit

---

[3] The parties dispute whether the possibility of a rehearing was addressed during the trial. In preliminary arguments on evidentiary matters, counsel for the plaintiff stated that a rehearing was not necessary, and that the plaintiff was not requesting that the matter be remanded, but only that the award be vacated. Upon the disagreement of counsel for the defendant, the plaintiff's counsel terminated the discussion by conceding that a rehearing was not then an issue. Accordingly, it does not appear that a rehearing was requested at trial.

is that the award be rendered within a reasonable time. *Danbury Rubber Co.* v. *Local 402,* 145 Conn. 53, 59, 138 A.2d 783 (1958). In the present case the original award was rendered May 9, 1978 and the judgment vacating it was rendered October 11, 1979. The trial took place over a year after the arbitration award upon the plaintiff's application to vacate. Neither party claimed prejudice because of the delay until this appeal. Cf. *Danbury Rubber Co.* v. *Local 402,* supra, 59–60. Under these circumstances, we cannot agree that the reasonable time for rendering an award had expired before the judgment was rendered.

There is no error.

In this opinion the other judges concurred.