[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM IN RE MOTION TO STRIKE #103
A motion to strike is used to "test the legal sufficiency of a pleading." Alarm Applications Company v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980). It admits all facts alleged and views them in the light most favorable to the pleader. Blancato v. Feldspar Corporation, 203 Conn. 34, 36,522 A.2d 1235 (1989). The motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Citations omitted.) Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985).
"An application to vacate an arbitration award triggers special statutory proceedings that are not civil actions." Middletown v. Police Local, No. 1361, 187 Conn. 228, 231,445 A.2d 322 (1982). Arbitration of insurance coverage issues is compulsory pursuant to General Statutes 38a-336. Wilson v. Security Insurance Group, 199 Conn. 618, 626, 509 A.2d 467 (1986). Compulsory arbitration calls for a higher level of judicial review. American Universal Insurance Co. v. DelGreco, 205 Conn. 178,185, 530 A.2d 171 (1987). "[W]here judicial review of compulsory arbitration proceedings required by 38-175c(a)(1) (now38a-336(a)(1)) is undertaken under General Statutes 52-418, the reviewing court must conduct a de novo review of the interpretation and application of the law of the arbitrators." Id., 191. Because an application to vacate is not a civil action, the defendant's application to vacate the arbitration award is not subject to a motion to strike. The plaintiff's motion to strike defendant's application to vacate the arbitration award is denied.
SYLVESTER, J.