[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM IN RE: MOTION TO CONFIRM OR VACATE ARBITRATION AWARD
"An application to vacate an arbitration award triggers special statutory proceedings that are not civil actions." Middletown v. Police Local No. 1361, 187 Conn. 228, 231,445 A.2d 332 (1982). Arbitration of insurance coverage issues is compulsory pursuant to General Statutes 38a-336, Wilson v. Security Insurance Group, 199 Conn. 618, 626, 509 A.2d 467 (1986). Compulsory arbitration calls for a higher level of judicial review. American Universal Insurance Co. v. Del Greco, 205 Conn. 178, 185,530 A.2d 171 (1987). "[W]here judicial review of compulsory arbitration proceedings required by 38-175c(a)(1) (now38a-336(a)(1)) is undertaken under General Statutes 52-418, the reviewing court must conduct a de novo review of the interpretation and application of the law of the arbitrators." Id., 191.
The defendant, Norfolk and Dedham Mutual Fire Ins. Co., argues that the plaintiff has breached the `consent to settle' provision of her insurance contract by settling her claim against the Florida tortfeasors and is therefore precluded from recovering under her uninsured motorist coverage. The defendant argues that the exclusion listed in Part C, Exclusions section A(2), is specifically allowed pursuant to Connecticut Administrative Regulations 38-175a-6(c)(1) which provides: "The insurer's obligation to pay may be made inapplicable (1) To any claim which has been settled with the uninsured motorist without the consent of the insurer. . . ." The defendant argues that since this exclusion is specifically allowed by the Insurance Regulations it should therefore stand.
The defendant further argues that under Florida law, F. S. 627.727(6), an insurer is subrogated to the position of the claimant and may bring an action against a tortfeasor to recover for claims paid by the insurer. The defendant argues that the Florida tortfeasors have substantial assets and that under Florida law it would have been able to seek subrogation from the tortfeasors CT Page 1914 for any claims it paid to the claimant. The defendant argues that it has lost this right of subrogation because the plaintiff has settled her claim against the tortfeasors.
The defendant asks the court to vacate the arbitrators' decision awarding the plaintiff uninsured motorist coverage.
The plaintiff argues that since Connecticut is the place of making of the contract, Connecticut law governs the contract, and that under Connecticut contract law a cause of action for personal injuries cannot he assigned. The plaintiff further argues that Insurance Regulation 38,-175a-6(c)(1) conflicts with General Statutes 38-336(b) and is therefore void because in such instances the Insurance Commissioner must be deemed to have exceeded his authority. In the Amendment of Policy Provision of the contract is a provision identical to the language of33-336(b). It states: "We will pay under this coverage only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgment or settlements." The plaintiff argues that since this provision is authorized by statute, it must take precedence over a provision of the contract which is only authorized by an insurance regulation.
At oral argument, plaintiff's counsel argued that 38-175a-6(c)(1) was diametrically opposed to 38a-336(b) because to require the claimant to obtain consent of an insurer to settle all bodily injury liability bonds and to settle all claims available under bodily injury liability bonds or policies before seeking uninsured benefits would allow an insurance company to delay a claimant's recovery against a tortfeasor by refusing consent to settle.
The plaintiff asks the court to confirm the arbitrators' decision awarding the plaintiff uninsured motorist benefits.
The Connecticut Supreme Court has stated:
 [A]n administrative agency's regulations are presumed valid and, unless they are shown to be inconsistent with the authorizing statute, they have the force and effect of a statute. A person claiming the invalidity of a regulation has the burden of proving that it is CT Page 1915 inconsistent with or beyond the legislative grant. The insurance commissioner has a `very broad grant of regulatory authority' in filling in the interstices of the uninsured and underinsured motorist coverage legislation, and in doing so his regulation is entitled to `great deference.'
(Citations omitted.) Travelers Ins. Co. v. Kulla, 216 Conn. 390
399, 579 A.2d 515 (1990). "[T]he insurer may not, by contract, reduce its liability for such underinsured motorist coverage except as 33-175a-6 of the regulations of Connecticut State Agencies expressly authorizes." Allstate v. Ferrante, 201 Conn. 478,482-83, 518 A.2d 373 (1986). However, "a limitation of liability on uninsured or underinsured motorist coverage must be construed most strongly against the insurer." American Universal, supra, 196. The law of the situs of the contract governs the interpretation of the contract. Nationwide, supra, 5-6. Under Connecticut law, an insurance company has no right of subrogation against a tortfeasor. Berlinski, supra.
Under Connecticut law, the defendant would not have had a right of subrogation against the Florida tortfeasors.
Section 38a.-175-6(c)(1) of the Connecticut Insurance Regulations has not been voided by Connecticut case or statutory law. The arbitrators' decision that the `consent to settle' provision is inconsistent with the provision requiring the limits of liability under all bodily injury liability insurance policies applicable at the time or the accident to be exhausted by judgment or settlement, and thereby void under Connecticut law, was in error. The `consent to settle' provision under this contract as provided for by Connecticut Insurance Regulation 38-175a-6(c)(1) can be read in conjunction with the contract provision provided for by General Statutes 38a-336(b). The intent of the Insurance Commissioner in enacting 38-175-6(c)(1) was to prevent claimants from quickly settling claims against tortfeasors for a small amount of money, possibly far below the tortfeasor's policy limit, knowing that they could then recover the remainder, or up to their policy limit, of their damages from their own insurance company under their uninsured motorist coverage, thereby putting a heavier burden on the innocent driver's insurance company.
The Connecticut Supreme Court in American Universal, supra, 195-96, quoted the legislative history of General Statutes CT Page 191638a-336 which stated that this section was enacted, so as to:
 [R]equire [the] insurance company of an innocent driver to pay up to the full amount of the uninsured motorist coverage when the at fault driver's insurance has been exhausted and a deficiency remains. (Emphasis added.) 22 H.R. Proc., Pt. 16, 1979 Sess., p. 5341. Senator James J. Murphy, Jr., in remarking on the same bill, stated: What this bill does is require that hereafter, when one has purchased uninsured motorist coverage, that if that coverage exceeds any insurance coverage which a responsible party has in causing injuries, that once the liability insurance of the so-called responsible or negligent party has been exhausted, if there is additional coverage under one's uninsured motorist's plan, then payment under that program would be triggered and allow for the greater recovery of the insured. . . .(Emphasis added.) 22 S. Proc., Pt. 5, 1979 Sess., 2. 1354. These comments indicate a legislative intent that underinsured motorist coverage is triggered when the tortfeasor's automobile liability coverage is exhausted.
The Connecticut Supreme Court held that the failure of the insured to exhaust the limits of the tortfeasor's liability policy prevented him from seeking uninsured motorist benefits. Continental Insurance Co v. Cebe-Habersky, 214 Conn. 209, 571 A.2d 104
(1990) (insured settled for $17,000.00 which was applied as a credit to his uninsured motorist coverage, but the tortfeasor's liability policy limit was $20,000.00). The superior court case of Connor v. State Farm Mutual Automobile Insurance Co., 8 CTLR 35, (Dec. 9, 1992, O'Keefe, J.), held that a `consent to settle' provision did not apply to the case where the plaintiff had exhausted all other applicable insurance coverage. The court held that the `consent to settle' provision "does not apply to these circumstances and the evils it is designed to prevent are not a possibility in this case. The lack of consent to a settlement for the policy limits does not prejudice the defendant" and was not held not to be a valid defense to the plaintiff's claims for uninsured motorist coverage. Id. CT Page 1917
The court follows the reasoning of Judge O'Keefe and finds that the plaintiff has not violated the `consent to settle' provision when she has exhausted the limits of the tortfeasors' liability policy; before bringing her claim for uninsured motorist coverage.
General Statutes 37-3a allows "interest at the rate of ten percent a year, and no more, may be recovered and allowed in civil actions or arbitration proceedings . . . as damages for the detention of money after it becomes due and payable. . ." The court has held that "prejudgment interest on an arbitration award is permissible." Middlesex Mutual Assurance Co. v. Walsh, 218 Conn. 681,701, 590 A.2d 957 (1991). "[T]he question under this statute is whether the money was wrongfully withheld, and that the ultimate determination `is one to be made in view of the demands of justice rather than through the application of any arbitrary rule.'" Chmielewski v. Aetna Casualty Surety Co., 218 Conn. 646, 676,591 A.2d 101 (1991), quoting Middlesex, supra, 702. The Connecticut Supreme Court has held that a trial court's award of interest will not be overruled absent a clear abuse of discretion. Chmielewski, supra.
The defendant has not wrongfully withheld the money in that the question of a violation of the `consent to settle' provision coupled with the exhaustion of the tortfeasors' liability policy limit had, until recently not been addressed by this or any other court. Therefore, the award of interest should run from the date of this order and not the date of the arbitrators' decision.
/s/ Sylvester, J. SYLVESTER