[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE APPLICATIONS TO CONFIRM AND TO VACATE ARBITRATION AWARD
Plaintiff brings this application to vacate an arbitration award of July 2, 1990 for the following original reasons:
"5. The arbitrator was biased in favor of the grievant. As a result, the arbitration hearing was not an impartial one.
6. The rights of the plaintiff were prejudiced by the conduct of the arbitrator in that:
 a. The arbitrator's findings of fact were clearly in error and unsupported by the record;
 b. The arbitrator failed to admit material and pertinent evidence and argument;
7. The arbitrator improperly framed the issued, [sic] and as a result did not issue a valid and final award.
8. The arbitrator imperfectly executed his authority so that a mutual, final definite award was not made.
9. The arbitrator exceeded the power granted under the arbitration clause, Article 18, of the Collective Bargaining Agreement which provides in Section 18.6a that "the Panel shall be bound by and must apply all the terms of this agreement, and shall have no power to add to, subtract from, or in any way modify the provisions of this agreement."
10. The arbitrator exceeded his authority and made an egregious error in finding that a previous SMBA decision, Case No. 8485555-A-920, did not control the instant case."
The plaintiff amended its complaint to add the following reasons:
"11. The rights of the plaintiff were prejudiced in CT Page 11240 that no executive session was held to discuss the award.
12. The arbitration panel failed to properly review and execute the award in accordance with applicable regulations.
13. The arbitration award was issued in error, and is contrary to the decision made by the majority of the panel members.
14. The arbitration panel violated the state laws and regulations governing the State Board of Mediation and Arbitration in the rendering of the award."
The parties stipulated to the following facts "in lieu of presenting other evidence."
"1. The Department of Labor, Board of Mediation and Arbitration regulations provides [sic] as follows:
 Section 31-91-45. Executive panel session; form of award
 a. As promptly as possible after the date of the formal hearing and the receipt of the briefs, where the parties elect to submit briefs, the panel members will meet in an executive panel session to decide the matter submitted.
 b. Oral awards shall be rendered upon mutual request of the parties. Whether or not an oral award has been rendered, an awad [award] shall be reduced to writing and signed by the members of the panel.
 c. Decisions shall be made by majority vote of the panel members. A panel member may express his disapproval of the majority decision by adding word "dissenting" after his signature on the award, or, said panel member may also prepare a dissenting opinion which shall be sent to the board's office and shall be made part of the award proper.
2. The three members of the arbitration panel in MDC V. [v.] AFSCME, Council 4, Local 184, SBMA Case No. 8788-A-34, CT Page 11241 which is the subject of the instant motion to vacate, had no three-way discussions, either telephonically or in person, before the arbitration decision and award was issued."
The defendant applies to confirm the award.
The Facts
The defendant (Union) represents certain employees of the plaintiff (MDC).
On July 12, 1987 the Union filed for arbitration of a grievance with the State Board of Mediation and Arbitration (Board). The grievance involved reclassification of Labor Grade 5 (LG-5).
The parties could not agree on the framing of the issue. As a result the Panel stated the issue as follows:
 Has the Metropolitan District Commission properly classified the Specialist, LG-5 (Shift Coverage) position?
If not, what shall be the remedy?
The MDC submitted the issue to the Panel as follows:
 Was the Specialist, LG-5 (Shift Coverage) position properly classified on July 17, 1987?
If not, what shall be the remedy?
A reasonable arbitrator or panel could interpret the "panel's issue" as including the temporal issue included in the plaintiff's proposed submission.
On August 1, 1989, a hearing was held and completed before a three-member panel of arbitrators (Panel).
Following submittal of a brief by MDC on August 25, 1989, the Board issued an award on July 2, 1990.
The arbitration award is as follows: CT Page 11242
 "After full consideration of the testimony, exhibits and arguments of the District and the Union, the Panel finds for the reasons explained above that the District did not properly classify the Specialist, LG-5 (Shift Coverage) position. As a remedy, the District is directed to reclassify each of the Grievants to a labor grade 7."
Law
Plaintiff has the burden of proof. The court cannot find "5" bias by "[t]he arbitrator [sic]. The court cannot find that plaintiff was prejudiced by the conduct of "the arbitrater [sic] or; "7" that the arbitrator [sic] improperly framed the issue."
Delay in Hearing
The court cannot find any prejudice or injury to plaintiff from any delay in the start of the arbitration hearing.
Evidence
The court finds no impropriety in the Board's acceptance or use of evidence. It is clear that the award conforms to the submission.
Definitions and Finality
The award as read is definite and final.
Executive Session
The court was presented with no formal evidence of the failure of the panel to "meet in an executive panel session to decide the matter submitted." However, the plaintiff's brief of October 12, 1990, page 4, states there was "no Executive Session held to review the arbitration decision" (sic) and defendant's supplemental brief of July 10, 1992 states on page 1, ". . . there were two one on one [sic] conversations about the arbitration award." In addition, in that last brief, pages 1 and 2, the defendant states "the telephone conversations between the arbitrators in the above captioned case constitutes a meeting as required by CT Page 11243 the [Board]." Finally, the court has the parties stipulations stating that "The three members of the arbitration panel . . . had no three-way discussions either telephonically or in person, before the arbitration award was issued." All of that is enough to raise the legal issue of the necessity for an "executive session to decide the matter submitted."
The regulations of the Department of Labor Board of Mediation and Arbitration, Sec. 31-91-45, require that when there are three arbitrators considering the matter they "will meet in an executive panel session to decide the matter subnmitted [submitted]."
The need for such meetings is reinforced by Sec. 31-91-44 which establishes the date for rendition of the award from that executive session and 31-91-37 which requires that all evidence shall be taken in the presence of all panel members. This whole concept stems from the idea that this is an adversarial proceeding as shown in 31-91-28(b) which states, in pertinent part, "(b) Whenever a tripartite panel is used, the employer and the employee organization shall each select their advocate member . . . who will represent their interest on the panel." No advocate can truly represent the interests of someone well if he does not meet with the people he is trying to persuade. Thus, the award was not rendered in accordance with our state regulations.
What is left for the court to decide is what action to take. Plaintiff suggests only vacation of the award. The defendant applies only to confirm. No one moves to modify or correct under C.G.S. 52-419 or 420.
The defendant in its brief of January 7, 1991 does suggest that the court send the matter back for a rehearing under C.G.S. 52-418(b). That statute reads as follows: "If an award is vacated and the time within which the award is required to be rendered has not expired, the court or judge may direct a rehearing by the arbitrators." This court may direct a rehearing without any pleading seeking it. Middletown Police Local, No. 1361, 187 Conn. 228, 231. However, the court has that power only if "the time within which the award is required to be rendered has not expired." In our case, we do not seem to have a CT Page 11244 contractual time limit and thus the court may use "a reasonable time." id. 231-232.
The request for arbitration was filed July 12, 1987. A hearing was held August 1, 1989. The last material was given to the Board August 25, 1989. The Board issued its award July 2, 1990. Without question a reasonable time for rendering an award has long ago expired. The temporal distance between August 25, 1989 and now is far too great to be found reasonable.
Motion to vacate is granted.
Motion to confirm is denied.
N. O'Neill, J.