AJMAL MEHDI *v.* COMMISSION ON HUMAN RIGHTS
AND OPPORTUNITIES ET AL.
(AC 34501)

DiPentima, C. J., and Sheldon and Schaller, Js.

Argued March 18—officially released August 13, 2013

*Ajmal Mehdi,* self-represented, the appellant (plaintiff).

*David L. Kent,* human rights attorney, for the appellee (named defendant).

*Opinion*

PER CURIAM. The self-represented plaintiff, Ajmal Mehdi, appeals from the judgment of the Superior Court dismissing his administrative appeal of the decision of the defendant Commission on Human Rights and Opportunities to dismiss his discrimination complaint.[1] We conclude that the court properly dismissed the

---

[1] The plaintiff named Charles Krich and Pekah Wallace, members of the defendant, and Thomas Curley of the Associated Press as defendants in his administrative appeal to the Superior Court. The court granted motions to dismiss these individuals, and they are not parties to this appeal. We therefore refer in this opinion to the Commission on Human Rights and Opportunities as the defendant.

plaintiff's appeal, and therefore affirm the judgment of the Superior Court.

The following facts and procedural history are relevant to our discussion. On August 19, 2010, the plaintiff filed a discrimination complaint against Thomas Curly/ Associated Press, alleging that he had been denied services based, in part, on his religious beliefs in violation of General Statutes § 46a-64 (a) (1).[2] Specifically, the plaintiff claimed that the Associated Press had discriminated against him by refusing to publish articles written by the plaintiff regarding his religious beliefs. In response, counsel for the Associated Press submitted a letter stating that the conduct alleged in the plaintiff's complaint was outside of the statutory mandate of the defendant[3] and was protected under the federal and state constitutions and federal and state laws.

Pursuant to General Statutes § 46a-83 (b),[4] the defendant conducted a merit assessment review of the plaintiff's complaint. The defendant concluded that the

[2] General Statutes § 46a-64 (a) provides in relevant part: "It shall be a discriminatory practice in violation of this section: (1) To deny any person within the jurisdiction of this state full and equal accommodations in any place of public accommodation, resort or amusement because of race, creed, color, national origin, ancestry, sex, gender identity or expression, marital status, age, lawful source of income, intellectual disability, mental disability or physical disability, including, but not limited to, blindness or deafness of the applicant, subject only to the conditions and limitations established by law and applicable alike to all persons . . . ."

[3] The powers and duties of the defendant are set forth in General Statutes §§ 46a-54 and 46a-56.

[4] General Statutes § 46a-83 (b) provides in relevant part: "Within ninety days of the filing of the respondent's answer to the complaint, the executive director or the executive director's designee shall conduct a merit assessment review. The merit assessment review shall include the complaint, the respondent's answer and the responses to the commission's requests for information, if any, and the complainant's comments, if any, to the respondent's answer and information responses. If the executive director or the executive director's designee determines that the complaint fails to state a claim for relief or is frivolous on its face, that the respondent is exempt from the provisions of this chapter or that there is no reasonable possibility that investigating the complaint will result in a finding of reasonable cause,

Associated Press was exempt from its jurisdiction,[5] and therefore dismissed the plaintiff's complaint. The defendant also denied the plaintiff's request for reconsideration, noting that the first amendment[6] to the United States constitution conferred upon the Associated Press the right to determine what articles to publish.[7]

The plaintiff then filed an administrative appeal in the Superior Court.[8] The court held a hearing on March 28, 2012, and issued a memorandum of decision dismissing the appeal on April 2, 2012. The court conducted a de novo review of the defendant's determination to dismiss the plaintiff's complaint. It concluded that a

the executive director or the executive director's designee shall dismiss the complaint and send notice of dismissal pursuant to section 46a-86a. . . ."

[5] The merit assessment review completed by the defendant provided: "[The plaintiff] claims discrimination based on his religion (Human Faith) because [the Associated Press] has allegedly refused to give press coverage to an organization with whom [the plaintiff] is affiliated. [The Associated Press] is a news agency whose business is gathering and dissemination of news to a global base of subscribing newspapers, broadcasters, and Internet and other news distributors. [The Associated Press] is not a place of public accommodation. [The Associated Press] is not obligated by statute to provide press coverage to any individual and/or organization and the [defendant] lacks jurisdiction over the complaint."

[6] The first amendment to the United States constitution provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

[7] In its brief to this court, the defendant notes that because it would have jurisdiction over the Associated Press had there been a discriminatory publication, it should have dismissed the plaintiff's complaint for failure to state a claim upon which relief can be granted. Although we need not address this issue, we note that "[i]t is axiomatic that [w]e may affirm a proper result of the trial court for a different reason." (Internal quotation marks omitted.) *Rafalko* v. *University of New Haven*, 129 Conn. App. 44, 51 n.3, 19 A.3d 215 (2011); *Florian* v. *Lenge*, 91 Conn. App. 268, 281, 880 A.2d 985 (2005); see also *Levy* v. *Commission on Human Rights & Opportunities*, 236 Conn. 96, 111, 671 A.2d 349 (1996) (if evidence supports only one conclusion as matter of law, then result should be affirmed even where there is error). Under the first amendment's protection of editorial discretion by the press, the defendant properly dismissed the plaintiff's complaint.

[8] See General Statutes § 4-183.

state agency cannot "tell a newspaper what it can or cannot print" and that the defendant "correctly determined . . . that the Associated Press was exempt from a claim of religious discrimination under § 46a-64 (a) where the plaintiff's complaint alleged a matter reserved for journalistic discretion." This appeal followed.

We begin by setting forth our standard of review. "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong. . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. . . . It is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation. . . . This concept, however, is not limited to courts. Administrative agencies [such as the defendant] are tribunals of limited jurisdiction and their jurisdiction is dependent entirely upon the validity of the statutes vesting them with power and they cannot confer jurisdiction upon themselves. . . . We have recognized that [i]t is clear that an administrative body must act strictly within its statutory authority, *within constitutional limitations* and in a lawful manner. . . . We . . . note that because [a] determination regarding [an agency's] subject matter jurisdiction is a question of law, our review is plenary." (Citation omitted; emphasis added; internal quotation marks omitted.) *Rweyemamu* v. *Commission on Human Rights & Opportunities*, 98 Conn. App. 646, 649–50, 911 A.2d 319 (2006), cert. denied, 281 Conn. 911, 916 A.2d 51, cert. denied, 552 U.S. 886, 128 S. Ct. 206, 169 L. Ed. 2d 144 (2007).

The Superior Court, in affirming the decision of the defendant, agreed that had the defendant required the

Associated Press to publish the materials requested by the plaintiff, such an order would violate the first amendment. The court is correct under *Miami Herald Publishing Co.* v. *Tornillo,* 418 U.S. 241, 94 S. Ct. 2831, 41 L. Ed. 2d 730 (1974), where the United States Supreme Court concluded that a Florida statute requiring newspapers to print a reply from a candidate for elected office if the newspaper had assailed the candidate's personal character or official record was unconstitutional. Id., 258. "The clear implication has been that any such compulsion to publish that which reason tells [a newspaper publisher] should not be published is unconstitutional." (Internal quotation marks omitted.) Id., 256; see also *Pittsburgh Press Co.* v. *Pittsburgh Commission on Human Relations,* 413 U.S. 376, 391, 93 S. Ct. 2553, 37 L. Ed. 2d 669 (1973) (court reaffirmed unequivocally protection of editorial judgment and free expression of views); *Associated Press* v. *United States,* 326 U.S. 1, 20 n.18, 65 S. Ct. 1416, 89 L. Ed. 2013 (1945) (newspaper not required to publish something that in its judgment should not be published).

Justice White's concurring opinion in *Miami Herald Publishing Co.* contains language applicable to the present case. "But the balance struck by the [f]irst [a]mendment with respect to the press is that society must take the risk that occasionally debate on vital matters will not be comprehensive and *that all viewpoints may not be expressed.* . . . [A law requiring publication] runs afoul of the elementary [f]irst [a]mendment proposition that *government may not force a newspaper to print copy which, in its journalistic discretion, it chooses to leave on the newsroom floor.* Whatever power may reside in government to influence the publishing of certain narrowly circumscribed categories of material . . . we have never thought that *the [f]irst [a]mendment permitted public officials to dictate to the press the contents of its news columns* or the slant of its

editorials." (Citations omitted; emphasis added; internal quotation marks omitted.) *Miami Herald Publishing Co.* v. *Tornillo*, supra, 418 U.S. 260–61. Guided by this first amendment jurisprudence, we conclude that the Superior Court properly rejected the plaintiff's appeal from the defendant's dismissal of his discrimination complaint.

The judgment is affirmed.