******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# REGINA PICKARD *v.* DEPARTMENT OF MENTAL HEALTH AND ADDICTION SERVICES
## (AC 44415)

Bright, C. J., and Alexander and Bishop, Js.

*Syllabus*

The plaintiff, whose employment with the defendant had been terminated, appealed to this court from the trial court's judgment dismissing her application to vacate an arbitration award following the cancellation of an arbitration of a grievance relating to her termination. The Office of Labor Relations had denied a grievance by the plaintiff's union seeking her reinstatement. The plaintiff thereafter waived her right to union representation and sought independent counsel to represent her during the arbitration of that grievance. The plaintiff failed to deposit the required funds for her share of the arbitration costs in escrow, and the office cancelled the arbitration. The plaintiff filed an application to vacate an arbitration award pursuant to statute (§ 52-418 or § 52-420), and requested that the court issue a pendente lite order pursuant to statute (§ 52-422) to, inter alia, open the arbitration proceedings. The court granted the defendant's motion to dismiss for lack of subject matter jurisdiction. On the plaintiff's appeal to this court, *held* that the trial court lacked subject matter jurisdiction over the plaintiff's application to vacate an arbitration award and, thus, properly dismissed it: no arbitration award was issued, thus, an essential condition of §§ 52-418 and 52-420 was not met; moreover, because no arbitration was pending, the trial court lacked jurisdiction to consider the plaintiff's petition for an order pendente lite.

Submitted on briefs December 2, 2021—officially released February 22, 2022

*Procedural History*

Application to vacate an arbitration award, brought to the Superior Court in the judicial district of Hartford, where the court, *Lynch, J.*, granted the defendant's motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Norman A. Pattis* and *Kevin Smith* filed a brief for the appellant (plaintiff).

*Maria C. Rodriguez*, assistant attorney general, *William Tong*, attorney general, and *Philip M. Schulz*, deputy associate attorney general, filed a brief for the appellee (defendant).

*Opinion*

BISHOP, J. In this special statutory proceeding, the plaintiff, Regina Pickard, appeals from the judgment of the Superior Court granting the motion to dismiss filed by the defendant, the Department of Mental Health and Addiction Services, claiming that the court lacked subject matter jurisdiction over the plaintiff's application to vacate an arbitration award pursuant to General Statutes §§ 52-418, 52-420, and 52-422. On appeal, the plaintiff claims that the court erred in concluding that it lacked subject matter jurisdiction over her application to vacate an arbitration award.[1] We disagree and, accordingly, affirm the judgment of the court.

The following undisputed facts and procedural history are relevant to our disposition of the plaintiff's claim on appeal. The plaintiff was an employee of the defendant and a member of the New England Health Care Employees Union District 1199 (union). On October 2, 2017, the defendant notified her that she was the subject of an investigation for allegedly assaulting her supervisor. During the investigation into the allegations, the plaintiff was represented by her union. On March 5, 2018, the plaintiff's employment with the defendant was terminated. In response to the plaintiff's termination, the union filed a grievance on the plaintiff's behalf with the Office of Labor Relations (office), pursuant to a collective bargaining agreement between the union and the state.[2] Multiple hearings on the grievance were held in which the plaintiff and her union representative presented evidence, seeking her reinstatement. However, on June 1, 2018, the office denied the plaintiff's grievance. The union then informed the office of its intent to arbitrate the plaintiff's grievance.

Subsequently, the plaintiff waived her right to union representation, instead opting to hire independent counsel to represent her during the arbitration. On May 8, 2019, the office advised the plaintiff that the costs associated with the arbitration would be split evenly between her and the state in accordance with the collective bargaining agreement,[3] and that the arbitrator required a deposit, in escrow, of $4000 for her share of the projected cost of the arbitration, a minimum of sixty days prior to the first day of arbitration. The office informed the plaintiff that "[i]f the funds are not confirmed to be in escrow by the deposit deadline date, the [a]rbitration will be cancelled." On May 9, 2019, counsel for the plaintiff confirmed with the office that the plaintiff understood that a deposit was required.

The arbitration was scheduled to begin on October 16, 2019, and, accordingly, the deposit was due on August 16, 2019. The plaintiff, however, failed to meet the deposit deadline. On August 21, 2019, the office, not the arbitrator, notified the plaintiff that, because the arbitrator had not received his deposit by the due

date, the arbitration had been cancelled and the office considered the case closed. In response, on August 23, 2019, counsel for the plaintiff requested that the deposit deadline be extended to October 30, 2019, and that the arbitration be rescheduled for January, 2020. The office denied the plaintiff's request and dismissed the plaintiff's request for arbitration.

On October 31, 2019, the plaintiff filed an application with the Superior Court to vacate an arbitration award pursuant to either § 52-418 or § 52-420, and requested that the court issue a pendente lite order pursuant to § 52-422 (1) to require the office and the defendant to appear and show cause for why the plaintiff's application to vacate should not be granted, (2) to open the arbitration proceedings, and (3) to afford her a reasonable opportunity to comply with the deposit requirement. The plaintiff essentially argued that the office deprived her of her right to due process when it, as opposed to the arbitrator, terminated the arbitration proceedings.

The defendant filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Practice Book § 10-30 (a),[4] along with a supporting affidavit. The defendant argued that the court lacked subject matter jurisdiction over the plaintiff's application "because no arbitration award has been issued, no arbitration is pending and as a result, the conditions prescribed by the statutes are not [met]." The plaintiff opposed the defendant's motion to dismiss arguing that, "while an arbitrator has not rendered an award in this case, the [office] prevented an arbitrator from even having the opportunity to make an award by arbitrarily elevating itself to the position of arbitrator and summarily dismissing [the plaintiff's] case. . . . In short, the state has made itself the arbitrator in this proceeding and has awarded itself a dismissal, thus allowing the court to vacate the dismissal." The court granted the defendant's motion to dismiss, concluding that it lacked jurisdiction because the office's dismissal of the plaintiff's request for arbitration did not constitute an award under §§ 52-418 and 52-420, and there was no pending arbitration as required by § 52-422. This appeal followed.

On appeal, the plaintiff claims that the court improperly granted the defendant's motion to dismiss for lack of subject matter jurisdiction over her application to vacate an arbitration award. Specifically, the plaintiff contends that the dismissal of the arbitration was the functional equivalent of an arbitration award, asserting that "the state has made itself the arbitrator in this proceeding and has awarded itself a dismissal, thus allowing the court to vacate the dismissal." We are not persuaded.

We begin by setting forth our standard of review. "The standard of review for a court's decision on a motion to dismiss [under Practice Book § 10-30 (a) (1)]

is well settled. A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo. . . . When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . In undertaking this review, we are mindful of the well established notion that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) *Dorry* v. *Garden*, 313 Conn. 516, 521, 98 A.3d 55 (2014).

"Trial courts addressing motions to dismiss for lack of subject matter jurisdiction pursuant to § [10-30 (a) (1)] may encounter different situations, depending on the status of the record in the case. . . . [L]ack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. . . . Different rules and procedures will apply, depending on the state of the record at the time the motion is filed. . . .

"[I]f the complaint is supplemented by *undisputed facts* established by affidavits submitted in support of the motion to dismiss . . . the trial court, in determining the jurisdictional issue, may consider these supplementary undisputed facts and need not conclusively presume the validity of the allegations of the complaint. . . . Rather, those allegations are tempered by the light shed on them by the [supplementary undisputed facts]. . . . If affidavits and/or other evidence submitted in support of a defendant's motion to dismiss conclusively establish that jurisdiction is lacking, and the plaintiff fails to undermine this conclusion with counteraffidavits . . . or other evidence, the trial court may dismiss the action without further proceedings." (Citations omitted; emphasis in original; footnotes omitted; internal quotation marks omitted.) *Conboy* v. *State*, 292 Conn. 642, 650–52, 974 A.2d 669 (2009).

Here, the plaintiff's application to vacate was supplemented by undisputed facts established by the affidavit submitted by the defendant in support of its motion to dismiss.[5] Therefore, in ruling on the defendant's motion to dismiss, we consider the supplementary, undisputed facts in the affidavit along with the well pleaded facts

in the complaint. See id.

"[S]ubject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . ." (Internal quotation marks omitted.) *A Better Way Wholesale Autos, Inc.* v. *Saint Paul,* 338 Conn. 651, 658, 258 A.3d 1244 (2021). "It is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation." (Internal quotation marks omitted.) *Mehdi* v. *Commission on Human Rights & Opportunities,* 144 Conn. App. 861, 865, 74 A.3d 493 (2013); see also *Goodson* v. *State,* 232 Conn. 175, 180, 653 A.2d 177 (1995) (Where a "statute confers a definite jurisdiction upon a judge and it defines the conditions under which such relief may be given . . . jurisdiction is only acquired if the essential conditions prescribed by statute are met. If they are not met, the lack of jurisdiction is over the subject-matter . . . ." (Internal quotation marks omitted.)).

We begin by clarifying a point we find has significant bearing on this appeal. The plaintiff claims that "[t]his is an appeal from the trial court's ruling dismissing an administrative appeal." This characterization is incorrect. In this matter, the plaintiff did not file an administrative appeal but, instead, chose to seek relief through a special statutory proceeding brought pursuant to §§ 52-418, 52-420, and 52-422. See *Goodson* v. *State,* supra, 232 Conn. 180 ("[a]n application for an order pendente lite pursuant to § 52-422 is a special statutory proceeding"); see also *Middlesex Ins. Co.* v. *Castellano,* 225 Conn. 339, 344, 623 A.2d 55 (1993) (explaining that application to vacate arbitration award brought pursuant to § 52-420 "is not a civil action, but is rather a special statutory proceeding"); *Middletown* v. *Police Local, No. 1361,* 187 Conn. 228, 231, 445 A.2d 322 (1982) (explaining that application to vacate arbitration award brought pursuant to § 52-418 "triggers special statutory proceedings that are not civil actions"). As the court aptly explained, §§ 52-418, 52-420, and 52-422 "[confer] a definite jurisdiction upon a judge and [define] the conditions under which such relief may be given . . . . [J]urisdiction is only acquired if the essential conditions prescribed by [the] statute are met." (Internal quotation marks omitted.) *Goodson* v. *State,* supra, 180.

As to the special statutory procedure, the defendant contends that the essential conditions prescribed by §§ 52-418, 52-420, and 52-422 were not met, and, therefore, the court lacked jurisdiction to hear the plaintiff's claim. Specifically, the defendant asserts that (1) §§ 52-418 and 52-420 require the existence of an arbitration award, and here, no award was issued, and (2) § 52-

422 requires a pending arbitration proceeding before an arbitrator, and here, there is no pending arbitration proceeding. We agree with the defendant.

We first review § 52-418. It provides in relevant part: "(a) Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating *the award* if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. . . ." (Emphasis added.) General Statutes § 52-418 (a). One of the essential conditions of § 52-418 is the existence of an award.

Section 52-420 likewise mandates the existence of an arbitration award. It provides in relevant part: "(b) No motion to vacate, modify or correct *an award* may be made after thirty days from the notice of the *award* to the party to the arbitration who makes the motion. (c) For the purpose of a motion to vacate, modify or correct *an award,* such an order staying any proceedings of the adverse party to enforce the *award* shall be made as may be deemed necessary. Upon the granting of an order confirming, modifying or correcting *an award,* a judgment or decree shall be entered in conformity therewith by the court or judge granting the order."[6] (Emphasis added.) General Statutes § 52-420 (b) and (c).

Our Supreme Court has held that a dismissal of a request for arbitration does not constitute an arbitration award. See *Coldwell Banker Manning Realty, Inc.* v. *Cushman & Wakefield of Connecticut, Inc.*, 293 Conn. 582, 603, 980 A.2d 819 (2009) (*Coldwell*). In *Coldwell,* the plaintiff claimed that the trial court "improperly concluded that the . . . dismissal of its request for arbitration for untimeliness constituted an arbitration award for purposes of [General Statutes] § 52-417."[7] Id., 592. The court agreed and held that the "dismissal of [the plaintiff's] request for arbitration did not constitute an award . . . and that the trial court improperly granted [the plaintiff's] application to confirm the award [pursuant to § 52-417] because there was no award to confirm." Id., 604. The court explained that "[a]rbitration is [a] process of dispute resolution in which a neutral third party (arbitrator) renders a decision after . . . both parties have an opportunity to be heard. . . . The decision rendered by the arbitrator upon the controversy submitted for arbitration constitutes the arbi-

tration award. The principal characteristic of an arbitration award is its finality as to the matters submitted so that the rights and obligations of the parties may be definitely fixed. . . . In other words, [a] final award is [o]ne [that] conclusively determines the matter submitted and leaves nothing to be done except to execute and carry out [its] terms . . . . The requirement that an award be mutual, final and definite as between the parties to the arbitration has been codified at . . . § 52-418 (a) (4)." (Citations omitted; internal quotation marks omitted.) Id., 594. The court concluded that the dismissal of the arbitration "did not satisfy the requirement of finality as to the matters submitted so that the rights and obligations of the parties [were] definitely fixed . . . and, therefore, was not a decision on the merits." (Citation omitted; internal quotation marks omitted.) Id., 600.

Our Supreme Court also has held that a determination on the issue of arbitrability does not constitute an award under § 52-418 because it is not a final resolution of the underlying claim on the merits. In *Naugatuck* v. *AFSCME, Council No. 4, Local 1303*, 190 Conn. 323, 460 A.2d 1285 (1983), the court explained that "[§] 52-418 only authorizes a court to vacate an arbitrator's award and then only under narrow circumstances. Unless an arbitration decision is an award, therefore, there is no right of appeal. This court has held that a finding on arbitrability is not an award until it becomes part of an award on the merits. . . . Therefore, a party must demonstrate that an award on the merits has been rendered before any right to appeal attaches." (Citation omitted; internal quotation marks omitted.) Id., 326. In *Coldwell*, our Supreme Court stated that its conclusion in *Naugatuck* "is consistent with the governing law on arbitration, which provides that an arbitration award settles the rights and obligations of the parties." *Coldwell Banker Manning Realty, Inc.* v. *Cushman & Wakefield of Connecticut, Inc.*, supra, 293 Conn. 603.

In the present case, the plaintiff concedes that "it is true that an independent arbitrator never heard the instant case or had the opportunity to render an award in it . . . ." The plaintiff nevertheless contends that the dismissal of the arbitration is the functional equivalent of an award. We are unpersuaded by this novel claim. The dismissal of the arbitration in the present case is not a final resolution of the underlying claim on the merits; see *Naugatuck* v. *AFSCME, Council No. 4, Local 1303*, supra, 190 Conn. 326; nor does it conclusively resolve the rights and obligations of the parties as to the matter submitted. See *Coldwell Banker Manning Realty, Inc.* v. *Cushman & Wakefield of Connecticut, Inc.*, supra, 293 Conn. 594. Because we conclude that an essential condition of §§ 52-418 and 52-420 has not been met, we conclude that the court lacked subject matter jurisdiction over the plaintiff's application to vacate.

We next turn to § 52-422, which provides in relevant part: "At any time before an award is rendered pursuant to an arbitration under this chapter, the superior court . . . upon application *of any party to the arbitration*, may make forthwith such order or decree, issue such process and direct such proceedings as may be necessary to protect the rights of the parties *pending the rendering of the award* and to secure the satisfaction thereof when rendered and confirmed." (Emphasis added.)

Section 52-422 permits a judge to make orders pendente lite. To do so, however, our Supreme Court has made clear that "a pending arbitration is an essential condition that must exist before § 52-422 may be invoked." *Goodson* v. *State*, supra, 232 Conn. 180. In *Goodson*, the plaintiff filed a petition pursuant to § 52-422 requesting an order pendente lite. Id., 178. At the time the plaintiff filed his petition, the arbitration process had not yet been invoked, but was the next step in the grievance procedure. Id. The trial court held a hearing on the plaintiff's petition pursuant to § 52-422 and issued an order. Id. On appeal to our Supreme Court, the defendant claimed that the trial court lacked subject matter jurisdiction over the plaintiff's petition because § 52-422 applies only to *parties to an arbitration* and, at the time the plaintiff filed the petition, there was no pending arbitration. Id., 178–79. The court agreed, explaining that, "[b]y its express terms, § 52-422 allows the trial court to issue an order only 'upon application of any party to the arbitration. . . .' Thus, a pending arbitration is an essential condition that must exist before § 52-422 may be invoked. It is undisputed that on the date the trial court conducted its hearing and entered its order, there was no pending arbitration. The essential condition prescribed by the statute was not met, therefore, and the trial court lacked jurisdiction to have considered the plaintiffs' petition pursuant to § 52-422." Id., 180.

The plaintiff concedes that *Goodson* mandates that a pending arbitration exist before § 52-422 may be invoked but endeavors to distinguish *Goodson* from the facts in the present case. The plaintiff argues that, "[a]t the time that the *Goodson* plaintiffs brought their petition seeking an order pendente lite, they had not yet begun the arbitration process and were still proceeding through their union grievance process. . . . Unlike *Goodson*, [the plaintiff here] had begun the arbitration process . . . . Consequently, the court does have the necessary jurisdictional prerequisite because arbitration had begun . . . ." (Citations omitted.) The plaintiff's effort to distinguish *Goodson* from the procedural facts at hand fails. Like in *Goodson*, here, there is no pending arbitration. Regardless of whether the arbitration had not yet begun or had already concluded, no pending arbitration existed at the time the petition pur-

suant to § 52-422 was filed. *Goodson* makes clear that an essential condition of § 52-422 is a pending arbitration—a condition that is not met in the present case. We therefore conclude that the court lacked jurisdiction to have considered the plaintiff's petition for an order pendente lite pursuant to § 52-422.[8]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The defendant also argues that sovereign immunity bars the plaintiff's claim. Because we conclude that the court lacked subject matter jurisdiction over the plaintiff's claim, we need not address the defendant's sovereign immunity argument.

[2] Exhibit D, which was attached to the affidavit submitted by the defendant in support of its motion to dismiss, includes article 32 of the collective bargaining agreement between the union and the state, which sets forth the grievance and arbitration procedure.

[3] Article 32, § 7, of the collective bargaining agreement provides in relevant part: "The expenses for the arbitrator's service and for the hearing shall be shared equally by the [s]tate and the [u]nion. However, in dismissal or suspension cases where the [u]nion is not a party, one-half the cost shall be borne by the [s]tate and the half by the [e]mployee submitting to arbitration."

[4] Practice Book § 10-30 (a) provides in relevant part: "A motion to dismiss shall be used to assert: (1) lack of jurisdiction over the subject matter . . . ."

[5] Attached to the affidavit is (1) a termination letter from the defendant to the plaintiff, (2) a dismissal notice of the plaintiff's grievance, (3) the plaintiff's notice of her intent to pursue arbitration, (4) a portion of the collective bargaining agreement between the state and the union, and (5) various correspondence between the plaintiff's attorney and the office.

[6] Although the plaintiff filed her application pursuant to §§ 52-418, 52-420, and 52-422, she states that she "does not cite [§ 52-420] for its substantive authority, but rather to show that her claim is not time barred."

[7] General Statutes § 52-417 provides: "At any time within one year after an award has been rendered and the parties to the arbitration notified thereof, any party to the arbitration may make application to the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, to any judge thereof, for an order confirming the award. The court or judge shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419."

[8] We note that, to the extent the plaintiff was aggrieved by the office's dismissal of the arbitration proceedings, her proper recourse, if any, is under the Uniform Administrative Procedure Act. See General Statutes § 4-166 et seq.